## BROWN et al. v. TOWN OF EUSTIS, FLA.

(District Court, S. D. Florida. October 10, 1923.)

### No. 275.

1. **Evidence ⬅➡474(18)—Property owners in vicinity of land taken may testify as to value.**

   Property owners in the vicinity of land taken may testify as to its value.

2. **Eminent domain ⬅➡202(1)—Property owner in vicinity of land taken may not testify as to value of land to him.**

   A property owner in the vicinity of land taken will not be permitted to testify as to the personal value of the land to him.

3. **Evidence ⬅➡157(6)—County tax assessing officers may testify as to value, without producing assessment roll.**

   County tax assessing officers may testify to their valuation of land, without producing certified copies of the assessment roll.

4. **Evidence ⬅➡323(2).—Knowledge as to sale price of land contiguous to that taken by town held not hearsay.**

   Where land was taken by a town for street purposes, knowledge acquired by witnesses of the price at which contiguous land was sold is not inadmissible as hearsay.

5. **Eminent domain ⬅➡149—Value of land appropriated and damage to remainder held "full compensation."**

   Where land was appropriated by a town for street purposes, the value of the land appropriated and a small additional amount for damage to the remainder caused by the appropriation constituted the full compensation required by Const. Fla. art. 3, § 29, and Rev. Gen. St. Fla. §§ 1957, 1970.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Full Compensation.]

6. **Eminent domain ⬅➡136—Manner of taking not considered in arriving at full compensation.**

   The manner in which land taken for a public purpose was appropriated cannot be considered in arriving at the full compensation to be awarded owner.

7. **Eminent domain ⬅➡316—Defendant town required to pay cost, property owner suing after taking.**

   Where, after complainant's property had been taken for street purposes and the street had been completed, complainant brought suit against the town, under Rev. Gen. St. Fla. § 1967, imposing all costs of condemnation proceedings on petitioner, defendant will be required to pay all costs.

In Equity. Suit by Julia D. Brown and another against the Town of Eustis, Fla. Decree for complainants.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. R. Bedgood, of Eustis, Fla., for complainants.

Duncan & Hamlin, of Tavares, Fla., and George C. Bedell, of Jacksonville, Fla., for defendant.

CALL, District Judge. Bill of complaint was filed March 20, 1923, alleging that the town of Eustis had invaded complainants' property situated in said town, for the purpose of constructing a street known as Lake Gracie drive, around a lake upon which complainants' property abutted, without the consent of the owners, and without condemning the same pursuant to the statute, and praying for an injunction and other relief. Upon the hearing of application for restraining order it was made to appear that the drive had been completed and opened to the public before the issuing of the temporary order. Complainants' property is in the shape of a parallelogram, 112.2 feet wide and 408.8 feet in length along Key avenue. The town of Eustis appropriated a strip near Lake Gracie, 40 feet by 112.5 feet, and constructed a public drive thereon. The land was high where the dwelling house and citrus trees were, and sloped down to the lake; the part taken by the town being low, and a portion of it theretofore used as a garden by the owners. The whole property contained 1.1 acres, and the part taken by the town was about one-tenth of the holding. It does not appear in the testimony the size of the strip of land between the side of the driveway and the margin of the lake, but it is necessarily small, and of little value as it lies. The testimony is in hopeless conflict as to the value of the land before the appropriation and subsequent thereto, as well as the value of the strip taken by the town.

[1, 2] The complainants insisted upon the hearing upon certain objections to the testimony of certain witnesses. The testimony of W. M. Igou was objected to. This witness did not purport in his testimony to testify to market values; only what property was "worth to him." I understand that property owners, in the vicinity of land taken, may be allowed to express an opinion of values, on the theory that, they being owners and interested therein, and being familiar with property in the vicinity of the particular property, they are necessarily familiar with values. Such testimony is therefore received, and the circumstances taken into consideration in weighing such testimony. But in the case of this witness he insisted on basing his opinion on the personal value to himself, and I therefore sustain the objection. The objection to the testimony of the other witnesses insisted upon I do not think well taken. Most of them were owners of property in the neighborhood contiguous to the lake, residents of the town, some of them officers whose duty it was to make or pass upon valuations for taxing purposes, and one was the county assessor of taxes.

[3, 4] The ground that the county tax assessing officers could not testify to their valuations of the land, but must produce certified copies of the assessment rolls, I do not think well taken, nor is the objection that the knowledge acquired by certain witnesses of the prices at which contiguous property was sold inadmissible as hearsay. The other objections insisted upon will be denied.

[5] Section 29 of the Miscellaneous Provisions of the Constitution provides as follows:

"No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, * * * which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."

The right to acquire property for street purposes is vested in municipal corporations by section 1957 of the Revised General Statutes of the State of Florida, and by section 1970 the power to acquire good title to lands occupied by a city, without condemnation proceedings, is given. In this case full compensation to the owners must be awarded in this proceeding for the property appropriated by the defendant town, and to do this it is necessary to consider any damage the remainder of the property may have suffered by reason of such appropriation, if the evidence shows such, as well as the value of the portion appropriated.

As before said, the evidence is in hopeless conflict on the value of the tract before the appropriation. The testimony of the witnesses produced by the complainants seems to me to be unreasonably high, taking into consideration the size of the town, the surrounding country, and the uses to which the property is put. The trouble with such testimony is that these witnesses take the frontage on Key avenue, cut the tract up into 33-foot lots, value each of these lots, and arrive at the total value by multiplying the number of lots by the value they put on these lots, and conclude the building of this driveway has damaged the remaining property at least 50 per cent., when the conclusion must be reached from a consideration of all the testimony that a large amount would necessarily be expended in making terraces, etc., before the tract would be available for subdivision into lots.

Again, great stress is laid by some of the witnesses on the fact that, in order for the owner to get access to the lake, the street must be crossed. I must confess that this view does not appeal to me with much force. I feel constrained to find that full compensation in this case will be awarded when the complainants are awarded the value of the land appropriated, together with a small amount for separating the strip along the shore of the lake from the remaining property of the owners.

The strip taken is 40 feet by 112 or 113 feet. Taking the testimony of the witnesses of the value of the entire tract before the construction of the driveway, and giving it such weight as I think it is entitled to, the character of the land taken, and without considering any advantages said improvement may or may not be to the remaining property, I find the value of the land taken is $700. For this amount a decree will be entered.

[6] Some stress was laid in argument upon the manner in which this property was appropriated, but this cannot be considered in arriving at the full compensation to be awarded the owner for the land taken for a public purpose, such as a street.

[7] Section 1969 of the Revised General Statutes makes it incumbent upon a petitioner in condemnation proceedings to pay all the costs

of the proceeding, and I am of opinion that this proceeding being now, since the completion of the driveway, in the nature of such condemnation, that the defendant should pay all the costs of this suit.

The decree will so require.