CASA LOMA SPRINGS DEVELOPMENT COMPANY, A FLORIDA CORPORATION, AND E. E. SWINSON, *Plaintiffs in Error*, v. BREVARD COUNTY, FLORIDA, BY E. C. JOHNSON, JOHN B. RODES, GEORGE G. BROCKETT, P. W. ROBERTS AND JOHN E. REED, COUNTY COMMISSIONERS OF SAID COUNTY, *Defendants in Error*.

### Division B.

Opinion Filed March 23, 1927.

Petition for Rehearing denied May 10, 1927.

In condemnation proceedings the proper compensation for property taken may be the fair actual market value at the time of the lawful appropriation, when the approporiation is subsequent to the condemnation; but where the property is unlawfully appropriated before trial, the value at the trial may not be the "full compensation" for the "property appropriated" that is required by the Constitution.

A Writ of Error to the Circuit Court for Brevard County; W. W. Wright, Judge.

Reversed.

*Kay, Adams, Ragland & Kurz*, for Plaintiffs in Error;

*Smith & Crofton,* and *B. A. Meginniss,* for Defendants in Error.

WHITFIELD, P. J.—In condemnation proceedings it appears that the public road authorities had taken possession of the property in controversy for right of way purposes before the trial to determine compensation to be awarded. This was illegal. Spafford v. Brevard County, — Fla. —, 110 South. Rep. 451. The Court charged the jury that the compensation should be "the fair, actual market value at the time of the lawful appropriation, that is, at the present time."

In Sunday v. Louisville & N. R. Co., 62 Fla. 395, 57 South. Rep. 351, the trial to determine the compensation to be awarded was before the property was appropriated, and it was properly held that the compensation should be "the fair actual market value at the time of the lawful appropriation." In this case the appropriation, though unlawful, was before the trial was had to determine the compensation to be awarded; and in view of the nature of the appropriation before trial, it appears from the evidence that the actual market value at the trial might not be the "full compensation" for the "property appropriated" that is required by the Constitution, therefore the quoted charge was harmful error. See 20 C. J. 827 *et seq.;* 2 Lewis Em. Domain (3 Ed.), see 705, 261 U. S. 299; 265 U. S. 106, 123.

Reversed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.

PER CURIAM.—The decision is that in this case in view of the unlawful taking of the property before the trial to determine the compensation to be awarded, the charge that the compensation should be the fair, actual market value at the time of the trial, was harmful error. It is not proper in this rather unusual case to announce general rules as to the measure of the "full compensation" that is required by the Constitution to be made for property that shall be appropriated for public use by due course of law.

Rehearing denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.