GEORGE WORTH, *Appellant,* vs. CITY OF WEST PALM BEACH a Municipal Corporation, *Appellee.*

Division B.

Opinion filed February 12, 1931.

*L. S. Gaulden,* for Appellant;

No appearance for Appellee.

PER CURIAM.—The appellant filed his bill of complaint in the circuit court of Palm Beach County to foreclose a vendor's lien alleged to have accrued in his favor as to certain lands appropriated by the City of West Palm Beach for a public thoroughfare.

The lands of the appellant were appropriated by the City without the formality of condemnation proceedings, or any other legal proceedings so far as the record shows, being had to acquire the same.

The decree was in favor of the complainant in the court below, the appellant here, but the appellant objected to the decree because the amount decreed to be due the complainant was much less than the complainant contended was justly due to him from the City for the appropriation of his property.

The measure of damages which should control is; first the value of the property; and second, the damage to the remainder of the property.

.It is shown that the complainant in the court below, appellant here, owned a valuable piece of property having a water frontage on Lake Worth of One Hundred Twelve (112) feet and that the frontage on Lake Worth carried with the property the valuable privileges of riparian rights. The strip appropriated by the City was fifty-one and 45/100 feet wide, extending 112 feet long, running parallel with and next to the bulkhead.

This appeal is by the complainant in the court below. The question of the sufficiency of the bill of complaint

to state grounds of equitable cognizance is not presented to us.

The only question raised by the assignment of error which it is necessary for us to consider is the alleged inadequacy of the amount of the decree.

It appears to us that the chancellor did not take into consideration the damage suffered by the complainant in the court below in his property or privilege of riparian rights by reason of the City appropriating this strip of land for street purposes. Certainly those rights were damaged to a great extent by reason of having a public thoroughfare built, constructed and maintained between the remainder of the property and the bulkhead or line where riparian rights begin and it may be said that the privacy of the riparian rights was totally destroyed by the construction and maintenance of the public street. The record shows that the remainder of the property, exclusive of riparian rights, was divested of a considerable part of its value by reason of the construction and maintenance of a public street which cut off the property from the water front.

Without considering either of these elements, it appears to us that the great preponderance of the evidence was that the value of the property appropriated by the City at the time it was appropriated was far in excess of the sum of Seven Thousand, Five Hundred ($7,500.00) Dollars.

For the reason stated, the decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WHITFIELD, P.J., AND TERRELL AND BUFORD, J.J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.