CLARENCE T. DOTY, *Plaintiff in Error,* vs. CITY OF JACK-
SONVILLE, a municipal corporation, *Defendant in Error.*
142 So. 599.
En Banc.
Opinion filed June 14, 1932.

*L. R. Milton* and *Cockrell & Cockrell,* for Plaintiff in
Error.

*Austin Miller* and *Emmet Safay,* for Defendant in
Error.

BROWN, J.—This was a condemnation proceeding,

brought by the City of Jacksonville to acquire portions of two lots belonging to plaintiff in error for use as a public street and for the purpose of widening Beaver street to a width of 106 feet. There was verdict and judgment in favor of defendant in error, awarding plaintiff in error damages in the sum of $2500.00 and $350.00 for attorney's fees. To this judgment plaintiff in error took writ of error.

The defendant in the course of the trial of the case moved the court to require the city to produce the plans and specifications for widening Beaver street to a width of 106 feet. This motion was denied. Afterward, the plans and specifications were brought into court by the City Engineer in response to a subpoena, and were offered in evidence by the defendant, Doty. The city objected, and the objection was sustained. The purpose of this evidence was to show the grade of that portion of the street adjoining the defendant's property, which would have some bearing on the extent and amount of the damage, if any, which would be done to that portion of defendant's property which would be left after the condemnation proceeding. We think the court erred in sustaining the city's objections to the efforts of the defendant to get this evidence before the jury. Chicago v. Lord, 276 Ill. 571, 115 N. E. 397.

The ninth assignment of error reads as follows:

"The court erred in permitting one of the attorneys for the petitioner, over the objections of the defendant, in his argument to the jury, to state to the jury that when they retired to consider their verdict they should keep in mind that whatever is paid to defendant as compensation for the property would come out of the pocket of the taxpayers, and that the jury as taxpayers would pay a part of whatever should be allowed to the defendant for his property."

Objection to this line of argument was made, and the

objection. overruled. This constituted reversible error. Counsel for the City made some subsequent effort to qualify and explain this argument, but the damage had been done, and we are clearly of the opinion that such argument was improper, and in its tendency prejudicial to the defendant's case. S. A. L. Ry. Co. v. Smith, 53 Fla. 375, 385, 43 So. 235; Akin v. State, 86 Fla. 564; 98 So. 509; 2 Encyc. Pldg. & Prac. 727.

At the request of the petitioner, the court gave the following charge to the jury:

"By order of the court, and with the consent of the parties, you went upon the premises and viewed them so that you might have a more intelligent understanding of the evidence from knowing the lay of the land and the location of the proposed improvements, and you may and should use your own observation and judgment, together with all other evidence in the case. The opinions of witnesses are to aid and assist you, if possible, in arriving at a just conclusion; but you are not to lay aside your own observations and judgment, and accept the conclusions of witnesses if you think them extravagant in being either too high or too low or incorrect. It is entirely a question for the exercise of your best judgment, adapting the testimony of the witnesses to the land, as you saw it, and also using your own judgment and knowledge in the matter."

Section 3118, Comp. Genl. Laws, being one of several sections governing the exercise of the power of eminent domain by municipalities, provides for the empanelling of a jury "to try what compensation shall be made to the defendants for the property sought to be appropriated, irrespective of any benefit from any improvement proposed by the petitioner, *which issue shall be tried in the same manner as the other issues of fact are tried in the said circuit court.* The jury shall in all cases view the property, unless the parties interested in the issue consent to dispense with the viewing." (Italics supplied).

The authorities are in some conflict on the question presented by certain portions of the quoted instruction, but we are disposed to adopt the view of those decisions and text writers which hold that the purpose of the view is to enable the jury to better understand and apply the evidence and the testimony that comes to the jury from the witness stand, by acquainting the jury with the physical situation, condition and surroundings of the thing viewed. The jury can undoubtedly utilize and consider the knowledge thus acquired of the physical facts by actual view of the premises, and if any witness testifies to the contrary of what they have seen with their own eyes they can disregard such testimony. But the physical condition and situation of the property is only one of the elements which the jury must take into consideration in determining the question of the amount of compensation which should be awarded to the property owner for the property sought to be taken. The value of the land taken, and in that connection the uses to which it was, or might reasonably be, applied, and the damages if any to the defendant's adjacent remaining lands, are elements to be considered, and with respect to which it is both permissible and proper that testimony may be introduced. Orange Belt R. Co. v. Craver, 32 Fla. 28, 13 So. 444; Worth v. West Palm Beach, 101 Fla. 868, 132 So. 689. These elements could not be determined by the view alone, and the evidence and testimony of witnesses should not be disregarded by the jury on these questions of value and damage; nor should they go outside of the evidence and base their verdict on their individual opinions on such disputed facts, independent of the testimony, merely because they have had a view of the property involved. While the knowledge gained by the jury's view of the property and its surroundings may be of assistance to them in interpreting and weighing the testimony of the witnesses, when conflicting, as to value and damage, the better

rule is that the questions of value and damage should be determined by the jury upon the evidence given by the witnesses whom the court has held qualified and has permitted to testify before them in relation to those questions. Otherwise, the jury's verdict should not be reviewed, even when clearly contrary to the most reasonable and convincing testimony. Washburn v. Milwaukee & L. W. R. Co., 59 Wis. 364, 18 N. W. 328; Guinn v. Iowa & St. L. Ry. Co., 131 Ia. 680; 109 N. W. 209; Brakken v. Minneapolis & St. L. R. Co., 29 Minn. 41, 11 N. W. 124; Lewis on Em. Dom. (3d ed.) Sec. 644. Indeed, this is the clear intendment of the quoted statute, which provides that the issue of what compensation shall be made to the defendant shall be tried in the same manner as other issues of fact are tried in the circuit court.

In the light of these principles, the charge above quoted was at least misleading. It might easily have been understood by the jury to mean that in determining the amount of the award, they might be guided by their own observation, knowledge and judgment, aside from the testimony, and that the evidence introduced by the parties was merely to aid and assist them. But when the quoted charge is considered in connection with the court's general charge, we would be loath to reverse the cause on that ground alone. However, the charge thus given at petitioner's request was calculated to mislead the jury, and should have been denied.

We are also inclined to the view that the fourth assignment of error was well taken. This assignment was based upon the overruling of an objection made by defendant to a question asked by the petitioner of one of its own witnesses. The purpose of the question was to show at what price particular property was being "offered" for sale, which property was not shown to have been similar to the property in question, either as to character or lo-

cation. Jones on Ev., 1913 ed., Sec. 168; Lewis on Em. Dom., Sec. 654. Such a question might possibly have been permissible on cross examination.

The remaining assignments of error we deem to be either without merit, or harmless to plaintiff in error.

For the errors pointed out, the judgment must be reversed and the cause remanded.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., dissents.