RUSSELL MEYERS, BELLA PEPPER and husband, HENRY PEP-
PER, E. F. MORRIS, OTIS C. PORTER and SOPHIE A. PORTER,
v. CITY OF DAYTONA BEACH, a municipal corporation.

30 So. (2nd) 354 ·                                    January Term, 1947
May 6, 1947                                                  Division B

*Parker, Foster & Wigginton, Julius F. Parker, Leo L. Foster, John T. Wigginton* and *T. T. Turnbull,* for appellants.

*Curtis H. Gardiner* and *J. Lewis Hall,* for appellee.

ADAMS, J.:

This appeal is from a final judgment in a condemnation proceeding brought by the City of Daytona Beach to acquire a right of way for the state road department. The amount of the award was duly questioned by a motion for a new trial which was overruled. Thereafter judgment was entered and this appeal was taken.

The appellant submits this interesting question. "May a jury in an action of eminent domain go outside the scope of the evidence and fix in its verdict, as the just compensation to be paid for the taking of the land involved in the suit, a sum of money less than the lowest figure testified to by any of the witnesses in the case?"

Appellee disclaims this is the real question and submits the following:

"Where the testimony and reasonable inferences arising therefrom show that the damage to a land owner arising out

of the taking of said land in condemnation proceedings is less than the amount of the jury's verdict, will such verdict be set aside because of inadequacy of compensation?"

This vital difference of opinion, as to the real question, forces us to analyze the evidence that we may determine for ourselves the real and controlling question.

There are two parcels of land involved. As a matter of convenience in the lower court, one was referred to as parcel No. 15 and the other as No. 18. On No. 15, the appellee's evidence fixed a value of $400.00 and no damage to the remainder not taken. The owner's evidence fixed a value of $721.20 which figure included any possible damage to the remainder not taken. The jury awarded $360.00.

As to the other tract the owner had maintained a filling station on it for more than five years. The taking of a small strip across the front necessitated demolishing the station and rebuilding on the remainder of the tract. The City's evidence fixed a low value of $759.00 for the land and $6875.00 for the improvements—making a total of $7634.00. The owner introduced evidence of loss of profits, which would accrue while the station was out of commission, totaling $3600.00. This conclusion was arrived at by assuming it would take six months to rebuild the station from which he showed a net profit of $600.00 per month. The City produced evidence that the station could be reconstructed within six weeks—the effect of which would reduce the $3600.00 damages to $900.00. The award for this tract was $7925.00. The judgment covered 18 parcels but only these two are brought into question.

Private property shall not be taken without just compensation. Section 12, Declaration of Rights, Florida Constitution. Article XVI, Section 29, Florida Constitution, also provides:

"No private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained

by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."

Pursuant to the Constitution, the legislature enacted Section 73.10, Fla. Stat., 1941, F.S.A., which reads in part:

" . . . when the suit is by a board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may injure, damage or destroy an established business of more than five years standing owned by the party whose lands are being so taken, located upon adjoining, adjacent or contiguous lands owned or held by such party, the jury shall consider the probable effect the use of the property so taken may have upon the said business, and assess in addition to the amount to be awarded for the taking, the probable damages to such business which the use of the property so taken may reasonably cause. . . ."

The general rule elsewhere has been cited to the effect that evidence of profits derived from a business conducted upon the property is too remote to compute value. See 18 Am. Jur., Sec. 345, page 988. This rule must yield to our statute, Section 73.10, which was enacted pursuant to the Constitution, Article XVI, Section 29, which requires that *full* compensation must be made. Full compensation means nothing less than payment for that which the property owner is being deprived of. See Brown et al v. Town of Eustis, Florida 293 Fed. 197; Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599.

As to parcel No. 15, the verdict was for $360.00 whereas the lowest value fixed by any witness was $400.00. The award falls far short of full compensation and must be reversed. The award must be sustained by evidence. The jurors may view the property and use their judgment in evaluating the evidence but, no matter how learned they may be, they are not at liberty to disregard the evidence.

As to parcel No. 18, we find the lowest value testified to by any witness was $759.00 for the land and $6875.00 for the improvements—or a total of $7634.00. The net income from the property is shown to be $600.00 per month. The shortest time within which the station could be reconstructed on the

remaining property was testified to be six weeks. Thus if the net profits amounting to $900.00 is added to the $7634.00, we get a total of $8,534.00. The award of $7925.00 was $609.00 short when every part of the evidence is indulged favorably to the City. Obviously, the answer is the same here as to No. 15.

As to these two parcels only, the judgment is reversed for a new trial.

Reversed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.