In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property within the Area Bounded by BRONXWOOD AVENUE AND OTHER STREETS, in the Borough of The Bronx, Selected as a Site for the Pelham Parkway Houses.

Supreme Court, Special Term, Bronx County, April 7, 1949.

*Charles Lamb, Samuel Goldstein, Leon Price, Louis Fusco, Harold L. Leddy, Morris T. Hamburg, Alfred D. Jahr, Samuel K. Beier* and *William P. Thomas* for claimants.

*John P. McGrath, Corporation Counsel* (*Mario A. Procaccino* of counsel), for the City of New York.

HAMMER, J. This is a condemnation proceeding instituted by the City of New York on behalf of the New York city housing authority to acquire certain land in the neighborhood of Bronxwood Avenue, Mace Avenue, Williamsbridge Road, Waring Avenue, Paulding Avenue, Astor Avenue, Wallace Avenue and Pelham Parkway North as a site for a city-aided low-rent housing project, to be known as Pelham Parkway Houses.

The required statutory view of the premises has been made. The awards are as follows:

| Damage Parcel | Land | Improvements | Total |
|---|---|---|---|
| 1 | $145,000 | | $145,000 |
| 3 | 5,500 | $28,000 | 33,500 |
| 4 | 8,600 | | 8,600 |
| 4-A & 5 | 13,200 | | 13,200 |
| 6 | Street in use | | 1 |
| 7 | $180,000 | | $180,000 |
| 8 | Street in use | | 1 |
| 9 | $175,000 | | $175,000 |
| 19 | 125,000 | | 125,000 |
| 20 | 83,000 | | 83,000 |
| 21 | 6,600 | | 6,600 |
| 22 | 14,000 | | 14,000 |
| 23 | 20,000 | 30,000 | 50,000 |

| Damage Parcel | Land | Improvements | Total |
|---|---|---|---|
| 24 | Street in use | | 1 |
| 25 | 82,000 | | 82,000 |
| 26 | 1,600 | 18,500 | 20,100 |
| 27 | 5,700 | | 5,700 |
| 28 | 7,250 | 4,500 | 11,750 |
| | (includes shrubbery, fences and garages) | | |
| 29 | 4,600 | | 4,600 |
| 30 | 3,400 | | 3,400 |
| 31 | Street in use | | 1 |
| 32 | 42,550 | | 42,550 |
| 33 | Street in use | | 1 |
| 34 | 95,000 | 1,000 | 96,000 |
| 35 | 18,000 | | 18,000 |

The damage map is amended so as to show the dimensions of damage parcel 4 at 50.05 feet x 100 feet, and to include a new damage parcel known as 4-A, the dimensions of which will be 50.04 feet x 100 feet. Damage parcels 4-A and 5 are in the same ownership.

The map is further amended so as to show the assessed value of damage parcel 26 for the fiscal year 1946-47 at $1,500 for the land and $16,000 as the total.

The claim of Margaret Ciccarelli for fixtures and plants, etc., in connection with damage parcel 32 is fixed at the sum of $500 as adjusted between said claimant, the city, and the fee owner. Of the said sum of $500, $200 is to be paid by the city and $300 by the claimant. The amount to be paid by the claimant shall be carved out of the award fixed for the land, thereby reducing the same from $42,550 to $42,250.

The fixation of just compensation for damage parcel 23 presents what is allegedly a novel point in condemnation proceedings. Prior to title vesting the claimant was engaged in constructing an apartment house which was an adequate improvement to the land in this damage parcel, and had obtained a so-called F.H.A. building and permanent loan on very favorable terms. The completion of the work provided for in the construction contract was guaranteed by a surety company completion bond. Construction had proceeded to a point where the building was ready for the first tier of beams. The bank which had made the building loan had advanced two payments. In addition to the work actually completed, considerable build-

ing material was on the site, and other material ordered, of which some had been specially fabricated. Architects' fees and expenses in connection with the financing had been either incurred or paid. The claimant's position is that the materials on the site and all specially fabricated materials, whether or not delivered, in effect, are a part of the realty taken in the condemnation. The city contends that the materials actually constructed into the building and therefore attached to the realty alone were taken. In making the award the principle that one whose property is taken in condemnation is entitled to just compensation must be kept in mind. Just compensation is that which theoretically a willing buyer would pay a willing seller. At the trial there was testimony to the effect that vacant land upon which financing had been arranged has a greater value than land similar in all respects, but not enjoying the advantage of such financing. In the building industry it is well known that the construction of apartment house projects is generally carried on by mortgage loan financing to meet a major part of the construction costs. While it is not clear that in every case the mere fact that such financing has been obtained would entitle the fee owner to an additional increment of damage, it would seem that in a proper case, as is here presented, such an increment of damage is allowable in establishing the award for the land taken. In computing damage for the improvement, consideration has been given to the amount advanced on the building loan, the provisions thereof governing these advances, the amount of work done between the date of the last payment under the building loan and the date of taking, certain expenses in connection with obtaining the loan which have been considered as more properly attributable to the improvement than the land, the architects' fees, builder's profits, both of these items on a proportionate basis, and the value of the improvement itself on the date of taking. Claimant's contention with reference to the unattached materials, whether specially fabricated or not, is overruled. In this instance it is held that the materials not actually attached to realty were not of such character that equity would necessarily regard them or any of them as realty. Claimant may have suffered some damage in respect of such materials, but such damage, if suffered, is not compensable in this proceeding. In reaching the conclusions stated the court has had in consideration the particular situation existing in this proceeding and is mindful of the statement of Judge CRANE in *Banner Milling Co.* v. *State of New York* (240 N. Y. 533, 546) :

" Each case necessarily involves different facts and must be considered by itself. Only a few general rules apply on the question of valuation in condemnation proceedings, and even these may yield in exceptional circumstances.'' The rights of those who have or claim to have liens on damage parcel 23, or on the award therefor, have not been considered or passed upon.

The motion for direct payment to the mortgagee of a sum equal to the amount of its mortgage with interest, in connection with damage parcel 23, is granted upon condition that the mortgagee meet the requirements of the corporation counsel with reference to proof of title.

The corporation counsel is directed to prepare and submit a tentative decree in accordance herewith.