81 So.2d 219 (1955)
Mary G. YODER et al., Appellants,
v.
SARASOTA COUNTY, a body politic of the State of Florida, Appellee.
Supreme Court of Florida. Special Division B.
June 15, 1955.
*220 Robertson & Robertson, Sarasota, for appellants.
Glenn L. Berry, Sarasota, for appellee.
THORNAL, Justice.
Appellants Harry A. Gregg and wife were defendants below in an eminent domain proceeding instituted by Sarasota County to condemn certain lands of appellants for a public beach and recreation purposes, authorized by Chapter 27886, Sp.Laws of Florida 1951, and Chapter 22802, Laws of Florida 1945, F.S.A. § 127.01. The cause proceeded to trial and resulted in a jury award of $80,000 to the Greggs for the property taken plus a fee for their attorneys. The final judgment followed the verdict. Being dissatisfied with the award, appellants-Gregg moved for a new trial which was denied, and on appeal to this Court they assign three errors:
1. The verdict was contrary to the weight of the evidence.
2. The verdict was a quotient verdict.
3. Evidence was permitted without objection showing the amount of filling that would have to be done to raise the property to a level sufficient to adapt it to various uses. Appellant offered to prove that "if this property is developed and used for the highest and most profitable use for which the property is adaptable, that it will have a value of $250.00 [an acre] and up". Appellant contends that the Court erroneously refused the proffer.
We will discuss the assigned errors in reverse because the last assignment presents the most serious problem.
On the quoted proffer tendered by appellant, the lower Court ruled: "All your witnesses you asked what it was worth, what it was useful for and what was the most profitable use to which it could be put. I am not cutting you off from the use of as many witnesses as you want. If you have some more witnesses, call them. I will not prevent your asking the witness the value of the property for any use to which it might be put, ask that, and call any other witnesses you want and ask them the same thing if you like, but I must ask you to proceed along, because we must get going with this again."
Appellant previously had attempted to show on cross-examination what the property would be worth in the future, "if properly filled," for a particular use stated to be its most profitable use. The Court ruled such evidence to be too speculative.
The lower Court ruled correctly both on the proffer and the attempted cross-examination.
We have consistently ruled that the amount of compensation to be awarded to a property owner when his property is sought to be taken in an eminent domain *221 proceeding is the value of the land taken at the time of the lawful appropriation. It is appropriate to show the uses to which the property was or might reasonably be applied, and the damages, if any, to adjacent lands. Nevertheless, the value must be established in the light of these elements as of the time of the lawful appropriation. It is not proper to speculate on what could be done to the land or what might be done to it to make it more valuable and then solicit evidence on what it might be worth with such speculative improvements at some unannounced future date. To permit such evidence would open a flood-gate of speculation and conjecture that would convert an eminent domain proceeding into a guessing contest. See Orange Belt R. Co. v. Craver, 32 Fla. 28, 13 So. 444; Casa Loma Springs Development Co. v. Brevard County, 93 Fla. 601, 112 So. 60; Worth v. City of West Palm Beach, 101 Fla. 868, 132 So. 689; Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599.
Absent unusual circumstances such as obtained in Casa Loma Springs Development Co. v. Brevard County, supra, the time for determining the value of the property is as of the time when the condemning authority initiates and starts in motion the judicial process to assert the sovereign power of eminent domain by filing a petition under F.S. § 73.01, F.S.A., or other statutory requirement for instituting the condemnation proceeding. This is the time when the right to make a "lawful appropriation" crystalizes into the assertion of that right by the sovereign through the processes made available for the proper exercise of the power.
We have carefully examined the record on the contention that the verdict was a quotient verdict and therefore invalid. We do not consider the verdict in this case afflicted with the vices prerequisite to a quotient verdict as prescribed by Marks v. State Road Department, Fla., 69 So.2d 771.
On the matter of the sufficiency of the evidence to support the verdict, the jury has resolved the conflicts and we find adequate evidence to support the jury's conclusion. Natural Gas and Appliance Co. v. Marion County, Fla., 58 So.2d 701.
Judgment affirmed.
DREW, C.J., THOMAS, J., and JONES, Associate Justice, concur.