HORTON, Chief Judge.
Appellant, defendant below in an eminent domain proceedings, seeks reversal of a final judgment entered pursuant to a jury verdict fixing the amount of compensation and reasonable attorney’s fees to be paid by the appellee.
The land involved was intended as a subdivision to be known as Coral Garden, but at the time of taking was “raw acreage.”' The proposed subdivision was to consist of 107.7 acres and the land sought to be condemned comprised 22.51 acres thereof. The record reveals that at the time of the taking, preliminary work had been done with a view toward actual subdividing of the land. A tentative plat of the original subdivision had been prepared; the paving and drainage plan had been approved by the county engineer and a contract had been entered into with reference to utilities on the proposed subdivision.
The cause proceeded to trial and resulted in a jury award of $139,562 to the defendant for the property. The judgment appealed followed this verdict.
The appellant contends that the trial judge erred in the exclusion of evidence offered to show (a) that the value of the land had increased because FHA approval had been secured; (b) that the reduced acreage of the remaining land after the taking was subject to a substantially greater cost per acre for fixed development charges; and (c) that the condemnation proceedings resulted in a substantial loss by way of forfeiture under the agreements *588 with the utility company. The last assignment of error is directed to the conduct and remarks of the trial judge during the course of the trial.
In Jacksonville Expressway Authority v. Henry G. Du Pree Co., Fla.1959, 108 So.2d 289, 292, the court said in reiterating the language in Dade County v. Brigham, Fla. 1950, 47 So.2d 602, 18 A.L.R.2d 1221:
“ ‘Full compensation is guaranteed by the Constitution to those whose property is divested from them by eminent domain. The theory and purpose of that guaranty is that the owner shall be made whole so far as possible and practicable.’ ”
The court also said in the Jacksonville case:
“Although fair market value is an important element in the compensation formula, it is not an exclusive standard in this jurisdiction. Fair market value is merely a tool to assist us in determining what is full or just compensation, within the purview of our constitutional requirement.”
Evidence of the FHA approval sought to be introduced was not an approval of the tract as a whole but was an indication that consideration would be given to applications for commitments by eligible owner-occupant mortgagors or to sponsor builders as it pertained to individual sites. Further, the record reveals that although some preliminary work had been done, the plat of the subdivision had never been filed and the property could not be considered as a fully developed subdivision.
While it is not clear that in every case the mere fact that mortgage loan financing has been obtained would entitle the fee owner to an additional increment of damage, it would seem that in a proper case, such an increment of damages is allowable in establishing the award for the land taken. In re Site for City-Aided Low-Rent Housing Project, 197 Misc. 70, 89 N.Y.S.2d 855. The facts in the case at bar, however, do not, in our opinion, warrant application of this principle.
Under the facts presented, the added increment in value obtained by the FHA approval as well as the damage allegedly occasioned by a greater cost per remaining acre for final development charges and loss by way of forfeiture under the utility agreement all appear to be dependent upon a development of the subdivision, and as such are speculative. In commenting upon such evidence, the Supreme Court of Florida, in Yoder v. Sarasota County, Fla. 1955, 81 So.2d 219, 221, said:
“It is not proper to speculate on what could be done to the land or what might be done to it to make it more valuable and then solicit evidence on what it might be worth with such speculative improvements at some unannounced future date. To permit such evidence would open a flood-gate of speculation and conjecture that would convert an eminent domain proceeding into a guessing contest. See Orange Belt R. Co. v. Craver, 32 Fla. 28, 13 So. 444; Casa Loma Springs Development Co. v. Brevard County, 93 Fla. 601, 112 So. 60; Worth v. City of West Palm Beach, 101 Fla. 868, 132 So. 689; Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599.”
Compare Swift & Co. v. Housing Authority of Plant City, Fla.App.1958, 106 So.2d 616.
We have considered appellant’s last assignment of error directed to the conduct and remarks of the trial judge during the course of the trial, but fail to find that such actions or remarks constitute reversible error.
In the light of the views expressed, it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.