DREW, Justice.
On the initial examination of petition for certiorari, records and briefs in this case, we concluded that we had jurisdiction because of an apparent conflict between the decision of the district court below[1] and the decisions of this Court in the Meyers v. City of Daytona Beach[2] and Doty v. City of Jacksonville[3] cases.
*314 The questioned language in the opinion of the district court here under consideration is as follows:
“The jury, in considering and weighing the testimony of real estate experts, may consider experience and familiarity of such witnesses with locations affecting the real estate market, and they may give to the testimony of such witnesses such weight as they find to be proper, in the light of such experience and familiarity and its credibility generally. They are not required to disregard such information as they may have as a matter of common knowledge, nor should they accept as true testimony that is against reason and human experience. They may use such knowledge as they may have gained by their view of the property and its surroundings in assisting them in interpreting and weighing the testimony of the witnesses when conflicting as to value and damages. See Doty v. City of Jacksonville, 106 Fla. 1, 142 So. 599; 12 Fla.Jur., Eminent Domain, § 143.”
We will pinpoint the substance of the holding of this Court in the Meyers and Doty cases. The Meyers case involved two parcels of land. On one parcel the city’s evidence fixed a value of $400.00 whereas the owner’s evidence fixed a value of $721.20. The jury awarded $360.00 On the other parcel, the city’s evidence fixed a value of $759.00 for the land and $6,875.00 for the improvements, making a total of $7,634.00. The owner did not introduce evidence on the value of the land and improvements but did introduce evidence to prove a loss of profits based upon the figure of $600.00 per month profits and assuming a period of six months to rebuild. In rebuttal the city offered evidence that the improvements could be reconstructed within six weeks. Upon consideration of all this evidence, the jury returned a verdict of $7,925.00. Both judgments were lower than the[1] lowest evidence of value. This Court set aside the awards and sent the case back for a new trial, holding: “The award must be sustained by evidence. The jurors may view the property and use their judgment in evaluating the evidence but, no matter how learned they may be, they are not at liberty to disregard the evidence.”
In the Doty case this Court reversed a judgment in an eminent domain proceeding assigning as one of its reasons therefor the following jury instruction:
“ ‘By order of the court, and with the consent of the parties, you went upon the premises and viewed them so that you might have a more intelligent understanding of the evidence from knowing the lay of the land and the location of the proposed improvements, and you may and should use your own observation and judgment, together with all other evidence in the case. The opinions of witnesses are to aid and assist you, if possible, in arriving at a just conclusion; but you are not to lay aside jmur own observation and judgment, and accept the conclusions of witnesses if you think them extravagant in being either too high or too low or incorrect. It is entirely a question for the exercise of your best judgment, adapting the testimony of the witnesses to the land, as you saw it, and also using your own judgment and knowledge .in the matter.’ ”
In discussing the powers of jury in eminent domain proceedings this Court said:
“ * * * These elements could not be determined by the view alone, and the evidence and testimony of witnesses should not be disregarded by the jury on these questions of value and damage; nor should they go outside of the evidence and base their verdict on their individual opinions on such disputed facts, independent of the testimony, merely because they have had a view of the property involved. While the knowledge gained by the jury’s view of the property and its surroundings may be of assistance to them in interpreting and weighing the testimony of the wit *315 nesses, when conflicting, as to value and damage, the better rule is that the questions of value and damage should be determined by the jury upon the evidence given by the witnesses whom the court has held qualified and has permitted to testify before them in relation to those questions. Otherwise, the jury’s verdict should not be reviewed, even when clearly contrary to the most reasonable and convincing testimony. * * * ” (Emphasis supplied.)
Reverting now to the quoted portion of the district court’s opinion, such language taken out of context[4] may well be said to be in conflict with the decisions of this Court in the Doty, and Meyers cases. We must, however, consider the quoted language in the light of the facts set forth in the opinion of the district court. An examination of that opinion clearly establishes that' the court concluded that the evidence as to damage suffered by the respondents in the condemnation proceeding was conflicting in the sense that such evidence was susceptible to the interpretation given it by the jury. There is no basis for the assertion of petitioners that the jury adopted its own formula for determining severance damages and therefore “play[ed] crazy quilt with the evidence furnishing essential parts of whole cloth.” The district court determined that the jury accepted the formula of the state’s experts which established a compensation loss to the owners of $685.00 for each parking space lost to the owners[5] but rejected the conclusions of said experts as to the number of parking spaces which would be lost as a result of the taking. The district court found there was evidence upon which the jury could have properly found that the owners would lose a greater number of parking spaces than the experts testified they would' lose and that multiplying said increased number by the admitted loss to the owners of each unit would produce a result well within the amount of the award fixed by the jury.[6] In determining the question of conflict we accept the findings of fact of the district court.[7] Therefore when the questioned language of the district court is related to the factual situation, the district court’s holding is squarely in line with the Doty and Meyers cases.
“Appellants contend that the jury awards are fully supported by the testimony of the two expert witnesses, and that it was error for the trial court to enter its order reducing the jury awards.
“We think the appellants’ position is sound and amply supported by the record. The formula, i. e., $10 per month for the life of the building for each needed and irreplaceable parking space lost was sot by the experts. It was within the province of the jury to apply this formula in the light of the evidence coming from the witnesses. Our study of the complete record convinces us that the jury was not limited in its findings to the definite dollar damages set by the expert witnesses, as many of the factors bearing on the severance damages were within the province of the jury to evaluate.”
This Court, subsequent to the Meyers and Doty cases, has held that the owner of land being taken in eminent domain proceedings is entitled to have assessed as a portion of his damages the cost of such expert witnesses as shall be necessary to enable him to compete on even terms with the condemning authority on the question of value and damages.[8] The property owner is also entitled to recover reasonable fees for the services of his attorney in such proceedings.
If the owner is dissatisfied with or desires to question the evidence presented *316 by the condemning authority as to his allowable compensation under the Constitution and statutes, it is his duty and responsibility to present evidence to the contrary. It then becomes the province of the jury to render its verdict as in other cases upon the evidence that has been produced for its consideration. Knowledge which may be gained by the jury from a view of the property being condemned may be utilized by the jury — not for the purpose of arriving at an independent determination of their own as to value and damages — but for the purpose of assisting them in understanding, interpreting and weighing the evidence which has been produced for their consideration. As in all other cases where the evidence is conflicting, it is within their province to resolve such conflicts but the results reached in such process must be within the evidence and supported by it. Where expert witnesses are produced and testify as to the value and such testimony is not in itself, or in relation to other evidence, properly susceptible of different interpretation as in this case, then the jury verdict must be not less than the lowest estimates nor more than the highest. Otherwise, as pointed out in the Doty case, “the jury’s verdict should not be reviewed, even when clearly contrary to the most reasonable and convincing testimony.”
The decisions of this Court subsequent to the Meyers and Doty cases have strengthened and affirmed rather than modified those decisions. The pronouncements made in those cases clearly proscribe the powers which may be exercised by juries in eminent domain proceedings in this State and are hereby expressly adhered to and reaffirmed. The District court’s decision in this case as construed in this decision is not in conflict with any prior decisions of this Court, whereupon the writ heretofore issued is hereby
Discharged.
TERRELL, Acting C. J., and THOR-NAL and O’CONNELL, JJ., concur.
HOBSON, J. (Ret.), concurs specially.

. Renedo v. Dade County, Fla.App.1962, 139 So.2d 698.

. 158 Fla. 859, 30 So.2d 354.

. 106 Fla. 1, 142 So. 599.

. For an analogous situation see Florida Power & Light Oo. v. McCollum, Fla. 1962, 140 So.2d 569.

. This figure was arrived at by a determination that each such space had a value to the owner of $10.00 per month over a period of twenty years, the estimated life of the building. Reduced to present value this figure was $685.00.

. The pertinent part of the district court’s opinion on this point is as follows:

. Nielsen v. City of Sarasota, Fla.1960, 117 So.2d 731.

. Dade County v. Brigham, Fla.1950, 47 So.2d 602, 18 A.L.R.2d 1221.