CARROLL, DONALD K., Chief Judge.
Two defendants in a condemnation proceeding have appealed from a final judgment entered by the Circuit Court for Clay County based upon a jury verdict.
The main question before us on this appeal is whether the jury in reaching that verdict failed to include compensation for the taking of or damages to, three gasoline tanks and two pumps owned by the said defendants.
At the trial the road department’s sole witness was its appraiser who testified that the total value of the said defendants’ property taken was $30,060, including the sum of $1700 for miscellaneous items he may have overlooked, like boards and field wire. He further testified that in reaching the figure of $30,060 he included nothing for the gasoline tanks and pumps on the defendants’ property because he had been told that they belonged to an oil company, not to the defendants.
On the other hand, the defendant Charles Garvin testified that he owned three 3,000-gallon tanks installed in the property as well as two electric gasoline pumps. He further testified that the value of the three tanks was $900 before installation and that the cost of installation was $900; that the pumps were worth $800 installed; that the total value of his property taken was around $60,000. Garvin’s testimony that he owned the said tanks and pumps was uncontra-dicted by any competent evidence. The said appraiser, however, testified that he thought the value of the tanks was $400 each and the value of the pumps was $100 to $150 apiece. His total value of $30,060 for the entire property taken was the lowest testified to at the trial.
At the end of the trial, which appears to have been conducted fairly as to all parties and interests, the jury brought in a verdict of $30,060, the precise amount the condemnor’s appraiser had testified was the total value of the defendants’ property taken in the proceeding, without including anything for the said tanks and pumps.
 It can be argued, of course, and the appellee so argues on this appeal, that the jury may have included in their verdict some amount for the tanks and pumps under the heading of “overlooked” items referred to by the appraiser. Such is a the *871 oretical possibility, but we think that the constitutional requirement of “just compensation” in condemnation proceedings imposes upon the courts of this state the obligation to see that such compensation is awarded to the citizens whose property is taken in such proceedings. It is our view that in the instant case the jury, in adopting the exact figure testified to by the con-demnor’s appraiser, specifically excluding any compensation for the defendants’ said tanks and pumps, awarded no compensation for these items. This being so, the defendants have not received “just compensation.”
Section 12 of the Declaration of Rights in the Florida Constitution, F.S.A. provides that private property shall not be taken “without just compensation.”
The rule is settled in this state that, when the compensation awarded in a verdict is below the lowest value fixed by the evidence, the award cannot be upheld.
In Meyers v. City of Daytona Beach, 158 Fla. 859, 30 So.2d 354 (1947), the lowest value of a certain parcel fixed by any witness was $400, but the jury’s verdict was for $360. The Supreme Court of Florida said: “The award [fell] far short of full compensation and must be reversed. The award must be sustained by the evidence. The jurors * * * are not at liberty to disregard the evidence.” A similar situation obtained as to a second parcel of land. The Supreme Court, as to these two parcels, reversed the judgment appealed from for a new trial.
The jury verdict, which is the basis for the final judgment appealed from herein, cannot, therefore, be allowed to stand. The final judgment is reversed and the cause is remanded with directions for a new trial on the sole issue of compensation and damages.
Reversed and remanded with directions.
WIGGINTON and RAWLS, JJ., concur.