JOHNSON, Chief Judge.
Two condemnation suits were filed in Okaloosa County, Florida, one on February 28, 1968 and one on January 10, 1968. The two cases were consolidated for trial and also consolidated on appeal, although separate appeals were filed in this court.
The defendants who are appellants in this court, were dissatisfied with the award made by the jury as to three parcels identified as parcels 103, 104 and 107. The defendants contend that the trial court’s errors brought about the low jury awards. Those errors are argued by the appellants in their brief under four points, as follows:
I: Whether a defendant in a condemnation suit may show the highest and best use to which land may be put in the reasonably near future.
II: Whether, in a condemnation suit, where the issue of access to a con-demnee’s land is in dispute for purposes of determining severance damages, the court may, in the presence of the jury, cross examine a witness of condemnee in such a way as to presuppose the presence of access or thereby rule that access did exist.
Ill: Whether a condemnee may show that the condemned land is part of a larger tract for purposes of showing severance damages.
IV: Whether it was error for the trial court to refuse to give an instruction embodying the so called “before and after” test to the jury.
*242 Discussing the points in the order raised, we find that the trial court precluded the defendants’ counsel from further cross-examining the petitioner’s expert appraiser on the question of his opinion as to “that in the reasonable foreseeable future, this land could not have been contemplated to be used for * * * ” The court stopped the question at this point and stated, inter alia, “you are talking about speculative things. You were asking about speculative things when you asked about the future.”
Just prior to the above stated interruption by the court, the State’s appraiser had been testifying about the owner, the appellant herein, having spent two and a half million dollars buying land and fifty thousand dollars clearing the land, which he was still doing at the time, even knowing Interstate 10 was going through on part of this same tract, and that while he, the said appraiser, wouldn’t say the owner was wrong in converting the land to farming, that he, the appraiser still thought the highest and best use of the property was for timber. It was a follow-up of this discourse which apparently prompted the defense counsel to propound the question supra to which the court objected. We think the trial court was in error here. The State’s witness had opened the door, laying the predicate for the cross-examination on the question of the apparent intended use of said lands being for farming, as indicated by the fact that clearing of the adjacent lands, in the same tract was in process. Evidence of the immediately foreseeable future uses of the property was proper[1] and the cross-examination on this point should have been allowed. The defendants’ requested instruction number 1 on this question should have been given, and it was error to refuse such instruction.
As to the second point supra, the trial court appears to have maintained a fair and impartial attitude throughout the trial, and standing alone, we probably would not reverse the judgment appealed based on the trial court’s apparent indication that he thought access to the subject parcel was established contrary to the defendants’ contention in their effort to establish severance damage; but, inasmuch as we must reverse this case for a new trial because of the other errors complained of, we do suggest that the trial court should refrain from any comments which could be interpreted as giving a preference.
As to the third point, we think the case of Di Virgilio v. State Road Department of Florida, 205 So.2d 317 (Fla.App. 4th, 1967) lays down some general good guidelines as to the effect on value a severance of a large tract is caused by the taking. The court was in error in striking the testimony relative to this point as it did have a proper bearing on severance damages.
As to point four, supra, the requested instruction was a proper one to be given, but we believe the trial court had covered the substance of this instruction by other instructions and therefore was not in error in refusing to give the same.
This cause is reversed and remanded for a new trial not inconsistent with the points decided in this opinion.
CARROLL, DONALD K. and RAWLS, JJ., concur.

. Yoder v. Sarasota County, 81 So.2d 219 (Fla.1955) ; Board of Commissioners of State Institutions v. Tallahassee Bank & Trust Company, 108 So.2d 74 (Fla.App. 1st, 1958).