SPECTOR, Chief Judge.
Appellants seek reversal of a final judgment condemning a fee simple interest in land already subject to an easement interest in favor of appellee. In 1965, the Canal Authority instituted a suit to condemn 540 acres of appellants’ land in connection with the Rodman Pool Reservoir. The court found at that time that only an easement interest was needed and awarded compensation for the easement.
Several years later, the Canal Authority again sought to condemn the fee simple interest and this time the lower court found fee simple title necessary for the total management and operation of the pool.
One of the points of error raised on this appeal was the trial court’s ruling on admissibility of testimony by an appraiser for appellant based on the development approach. The lower court did not allow the appraiser to testify as to the value of the property at its highest and best use under the development approach. We disagree.
Approximately 20 acres of the 540 acres are above the water level and form a collar of land about 300 feet in width between the appellant’s remaining 92 acres and the water in the Rodman Pool. Under the original taking of the easement interest by the Canal Authority, appellants retained “all rights normally accruing to riparian owners including full ingress and egress”. Under the taking of the fee in the present case, appellants’ riparian rights are destroyed.
The proffered testimony of appellants’ appraiser shows that prior to the taking the highest and best use of the property was water oriented recreational development. Without the riparian rights, the land could not be used in such a manner and it was consequently diminished in value. This testimony was excluded as being too speculative on the basis of Yoder v. Sarasota County, 81 So.2d 219 (Fla.1955), and Coral Glade Co. v. Board of Public Instruction, 122 So.2d 587 (Fla.App.1960). In Yoder, supra, the testimony excluded was based on the value of the land if properly filled. This testimony was correctly excluded as too speculative and can readily be distinguished from the case at bar. In the instant case, the testimony sought to be adduced was based on the actual value of the property at the time of the taking if sold for recreational development, its highest and best use. Nothing had to be done to the property in order to enhance its value. In arriving at his opinion as to the present value of the property, the appellants’ appraiser took into consideration the profit ratio of the developer, the time in which the developer could sell the lots, and the number of lots the devel *724 oper could sell and at what price. These considerations were based on the appraiser’s experience and were specifically considered in order to show present value of the property in terms of what a developer would be willing to pay at the present for the land. Therefore, the value opinion was based on the property being sold at that time for development, not what the property would be worth if developed and then sold, although the yield to the future developer was taken into consideration by the appraiser in determining present value.
An opinion as to the value of the property once subdivided would be too speculative within the meaning of Yoder, supra. However, that is not the basis for the value opinion in the case at bar.
Likewise, in Coral Glade Co., the trial court excluded as speculative testimony as to value based on a greater cost per remaining acre for final development charges. Whereas, in the instant case, as we have stated, the opinion as to the value was based on present value for recreational development, not on the value of the property when finally developed.
The development approach is an acceptable method of valuation and although no Florida case has dealt with it in detail, it is recognized in Nichols on Eminent Domain, Second Edition, and Florida Eminent Domain Practice and Procedure, Second Edition. The appraiser for appellants testified that the lack of comparable sales in the area required the use of the development approach for an accurate valuation. Accordingly, it is our view that the appraiser should have been allowed to testify as to what the property could be sold for, with the riparian rights attached, in keeping with his opinion that the property is presently suitable for sale to a recreational developer.
Appellants raised numerous other points on appeal which we find unnecessary to decide now, since the judgment must be reversed for the reasons discussed above.
Accordingly, the judgment reviewed herein is reversed.
WIGGINTON and JOHNSON, JJ., concur.