McNULTY, Chief Judge.
In this declaratory judgment action appellant seeks relief from a zoning ordinance which adversely affects its substandard size lot in the City of Tampa. We affirm the denial of such relief.
The facts are these. As far as we can determine from the record the property in question has been zoned R-3 from 1944 until the present time. Some time between 1944 and 1962, when appellant purchased the land, there had been a partial taking for the construction of Interstate 75. Pursuant to that condemnation appellant’s predecessor in title was permitted to retain 1,200 square feet of the original lot. This retained portion is the subject property herein and, as indicated, its area does not meet the 5,000 square foot minimum required for building a residence in an R-3 zone. Since purchasing the land in 1962 appellant has never put it to any use but now wishes to erect a billboard thereon, which use is prohibited under R-3 zoning. Accordingly, in 1972, ten years after purchase, appellant sought to have the proper *494 ty rezoned to C-l which would permit a billboard. Upon the City’s denial thereof this appeal ensued.
The essence of appellant’s argument is that retention of the R-3 zoning classification, which effectively prohibits appellant from making what it contends is the only reasonable use of its property, constitutes an unconstitutional restriction on the property. While we can agree that, in the abstract, a zoning ordinance which prohibits reasonable use of the owner’s property may be considered unconstitutional, the factual sequence in this case compels us to reach the opposite conclusion here.
First of all, we emphasize that the small parcel involved herein was retained by appellant’s predecessor in title in the aforesaid condemnation suit. Accordingly, he was entitled to severance damages in that action.[1] These damages presumably would take into account that, since the property was then as now zoned R-3, the retained parcel was too small to construct a residence and was otherwise limited as to its use. Unfortunately, the record does not reflect precisely what damages were awarded in that taking but we must indulge in the presumption, in the absence of evidence to the contrary, that proper compensation was indeed paid. Contrary evidence is absent here. Therefore, since appellant’s predecessor was adequately compensated for the taking, and could not himself have demanded a zoning change on confiscation grounds, we are aware of no rule of law which would permit a zoning change later simply because a successor in title with notice suffers a similar restriction hardship. The hardship now is self-imposed.
In denying appellant’s petition for rezoning the City determined that a C-l classification would be inappropriate to the parcel in question. There is nothing herein to suggest that this determination was not fairly debatable, thus it is sustainable: and, from the undisputed facts herein, such action was fundamentally neither confiscatory, arbitrary nor unreasonable.
In view whereof, the judgment appealed from should be, and it is hereby, affirmed.
BOARDMAN and GRIMES, JJ., concur.

. See Doty v. City of Jacksonville, 1932, 106 Fla. 1, 142 So. 599; Worth v. City of West Palm Beach, 1931, 101 Fla. 868, 132 So. 689; cf. § 73.071(3) (b), F.S.1973.