PER CURIAM.
This case arises from an eminent domain proceeding brought by the City of Jacksonville to acquire appellants’ property in order to widen St. Johns Bluff Road. Appellants Grover and Rhona Burgan owned Parcel 103 and appellant Ramp Realty of Florida, Inc. owned Parcel 104. Appellants argue that the trial court erred by denying their motion for new trial and to set aside the verdict because the jury awarded property amounts less than the lowest value testified to by any witness in the proceeding, contrary to instructions. We agree with appellants, and therefore reverse.
At trial, the City’s expert testified that the property values were $39,800 for Parcel 103 and $99,000 for Parcel 104. These were the lowest property valuations presented to the jury at trial. The trial judge properly instructed the jury that, “[y]our verdict must be based on a careful consideration of all the evidence and on the instructions of the law that I have given you and may not be less than the lowest value nor more than the highest value testified to by any witness in this proceeding.” See Behm v. Div. of Admin., State Dep’t of Transp., 336 So.2d 579, 581 (Fla.1976) (citing Meyers v. City of Daytona Beach, 158 Fla. 859, 30 So.2d 354 (1947), and Dade County v. Renedo, 147 So.2d 313, 316 (Fla.1962)). Despite receiving this instruction, the jury returned verdicts awarding appellants $13,600 for Parcel 103 and $42,560 for Parcel 104, less than the values testified to by the City’s expert.
Because the jury failed to discharge their duty as given them by the court’s charge, it was error for the trial court to deny appellants’ motion for a new trial. See Meyers, 30 So.2d at 354-55 (reversing for a new trial because the jury awarded amounts in a condemnation proceeding less than the evidence presented); City of Hollywood v. Jarkesy, 343 So.2d 886, 888 (Fla. 4th DCA 1977) (ruling that in eminent domain proceedings a verdict should be set aside for grossly inadequate damages when “the verdict was induced by prejudice or passion, some misconception of the law or the evidence, or ... the jury did not consider all the elements of damage involved, missed a consideration of the issues submitted or failed to discharge their duty as given them by the court’s charge”).
REVERSED and REMANDED for a new trial.
WEBSTER, BROWNING and POLSTON, JJ., concur.