## NEWGASS *v.* RAILWAY COMPANY.

Decided January 17, 1891.

1. *Railway—Right of way—Valuation.*

In a condemnation proceeding instituted by a railway company, the value of land taken for its right of way is to be estimated as of the time the petition was filed.

2. *Damages for additional fencing.*

In such a proceeding where the taking of one's land by a railway company for its right of way impairs the value of his contiguous land, in view of its probable future use, by the requirement of additional fencing, such fact may be considered as an element of damage.

3. *Damages for overflows.*

Where the appropriation of part of one's land and its use as a railroad resulted in flooding the remainder of his land, the damage so occasioned should be included in the assessment of damages; but no account should be taken of injuries thereafter to result from an improper construction or maintenance of the road-bed, for the condemnation does not authorize either.

4. *Measure of damages—Value of railroad track.*

In the estimate of the owner's damages for the right of way, the value of the track previously placed thereon without his license, but with a view of subsequently acquiring the right of way, should not be included. The measure of compensation is the value which the land taken would have had if the road had not been constructed on it, together with the difference between the present value of the owner's contiguous land, with the

road constructed where it is, and what it would have been if the road had not been built. And, in determining the value of the land taken, any appreciation or deterioration that may have resulted to it specially by reason of the building of the road on it will be disregarded, but such as may thereby have resulted to it in common with other lands in the same community will be considered.

APPEAL from *Jefferson* Circuit Court.

JOHN A. WILLIAMS, Judge.

Condemnation proceedings instituted by the St. Louis, Arkansas and Texas Railway Company for the assessment of damages for the right of way of its railroad previously built without license across certain land belonging to Benjamin Newgass. Upon the trial the court held :

" 1. That the period to which reference should be made, in estimating the damages of Newgass for the right of way sought herein by the railroad company was the time when the said company entered upon the property mentioned in the company's petition, and built its railroad upon it, and not the day of filing its said petition herein.

" 2. That said Newgass was entitled to recover nothing for fences or overflow."

*Morris M. Cohn* for appellant.

1. The time with reference to which the value of the land is to be ascertained is the date of the filing of the petition to condemn, and not the date of entry. Beach on Railroads, sec. 846; 31 Am. Dec., note 372; Mansf. Dig., sec. 5458; Acts 1885, p. 179. So long as the prerequisites are not conformed to, ejectment will lie. Beach on R. R.'s., sec. 830, note 2, sec. 850; 1 How. Pr., 214 ; 89 Pa. St , 282 ; 57 Cal., 417; 66 Pa. St., 404; 34 Ill., 195; 41 Iowa, 419; 40 Wis., 653 ; 8 Watts and S., 459; 13 Kans., 496 ; 45 Iowa, 23 ; 67 Ill., 191 ; 17 Minn., 215 ; 48 Ind., 178 ; 70 Ala., 227 ; 56 Tex., 66 ; 54 Wisc., 136 ; 68 Pa. St., 189 ; 33 N. J., 115 ; 90 Ill., 316; 51 Ark., 504; 32 N. W. Rep., 162. See also, 3 N. E. Rep., 720 ; 10 *id.*, 372 ; 115 Mass., 1, 13 ; 117 *id.*, 302 ; 68 Ind., 137 ; 61 Ill., 115 ; 91 Ill., 49,

52; 28 Minn., 503; 30 *id.*, 100; Dill. Mun. Corp., vol. 2, sec. 971, note 1 (4th ed.)

2. What is to be considered in ascertaining the value of property taken? Is Newgass entitled to recover the value of the railroad bed? Railroads enjoy the State's prerogative of eminent domain. 31 Am. Dec., note 372. And when it exercises the privilege of taking private property without leave, it must do so *cum onere.* If it departs from the statute, it is a trespasser. Beach R. R.'s, sec. 830; 3 So. Rep., 252; 32 N. W., 162; 12 Pac. Rep., 362; 11 N. W. Rep., 253.

The law is well settled that a trespasser acquires no rights as against the owner reclaiming his property. Cooley, Torts. (1st ed.), 55, 56; 37 Mich., 332; Bish. Non-Cont. Law., secs. 101, 939. One who puts improvements upon another's property loses them with the property. 24 Ark., 109; 16 *id.*, 182; 31 *id.*, 334, 344–5; Sedg. & W. Trial of Title, etc., secs. 694, 713. When the railroad filed its petition, the land and the road-bed belonged to appellant. 47 Cal., 515, and cases *infra.* Ewell, Fixt., 57–8–9 and notes; 13 Pac. Rep., 300; 97 Mass., 279, 283; 128 *id.*, 391; Tiedeman, Real Prop., sec. 2; Ewell, Fixt., 277 note, 308 note; 13 N. E. Rep., 680; 3 So. Rep., 252; 11 N. W. Rep., 253; 37 Ohio St., 147; 29 Minn., 256; 106 U. S., 196; 9 Cranch., 11, 210, 211; 13 Pet., 498.

3. If the value of the road-bed cannot be recovered, what can be? Most certainly the depreciation in value of the balance of the land by reason of damage from overflow and additional cost of fencing. The value of the land taken for any special purpose, such as town site, etc. See 41 Ark., 202, 208; *ib.*, 431; 49 *id.*, 381–7; 51 *id.*, 324; 39 *id.*, 167; 44 *id.*, 258; 42 *id.*, 528; Beach. R. R., secs. 821–2; 44 Ark., 258.

*J. M. & J. G. Taylor* and *Sam H. West* for appellees.

By the judgment of the Federal court, and of this court in 51 Ark., 491, the railroad company was neither a trespasser nor liable to be ejected therefrom, and the common

law cases on trespass are without application.   All that the
owner is entitled to is compensation.   The attitude of a rail-
road that has gone upon lands without making compensation
is described in 15 Pick., 198.   See also, Lewis, Em. Dom.,
p. 618, sec. 477.

The rule of compensation is the value of the land at the
time of taking, without any enhanced value by reason of
the construction of the road.   Lewis, Em. Dom., sec. 507 ;.
Rorer on Railroads, vol. 1, 366, 380.   That appellant was
not entitled to the road-bed, or its value: see 46 Cal., 87 ;
Lewis, Em. Dom., sec. 507 ; 70 Ala., 227 ; 14 A. & E. Cases,
217.   The rule that everything affixed to the lands becomes
part of the freehold, was never inflexible, and has always
been subject to exceptions.   2 Peters, 137 ; 30 Md., 347 ;
2 Kent, 338 ; Amos & Feard on Fixtures, 10.   And one of
the exceptions is, that when a railroad enters wrongfully
this does not preclude it from subsequently resorting to
appropriate proceedings for the acquisition of the land, and,
of consequence, availing itself of all structures it may have
placed thereon.   87 Penn. St., 28 ; 23 Wall, 108 ; 39 Mich.,
575 ; 42 Wis., 538.

Just compensation to the land owner is all he can claim,
and this includes the value of the land taken and the injury
to the remaining lands.   42 Ala., 83 ; Cooley, Const. Lim.,
705-12 ; 87 Penn. St., 28 and cases *supra;* 28 N. J. Eq.,
450 ; Pierce on Railroads, 209.   See also 39 Mich., 680 ;
7 Allen, 313 ; 105 Mass., 303 ; 125 Mass., 1 ; 127 *id.*, 571 ;
1 Rorer, R. R., 380.

There was no error in the court in holding that appellant
was not entitled to anything for fencing or overflow.   The
lands were unimproved and swampy, and neither cost of
fencing nor overflow were elements of damage in view of
the testimony.   42 Ark., 528, 529 ; 39 *id.*, 168, 171 ; 1 Rorer
on R. R., 392-4.

HEMINGWAY, J.   This appeal presents for our considera-
tion three alleged errors—all relating to the rule adopted by

the court below for assessing the amount to be paid appellant as compensation for taking his land for a railroad.

**1. Condemnation—Valuation.**   I.   It is insisted that compensation should have been assessed with reference to the value of the land taken as of the time of filing the petition, and not as of the time of the entry upon the land by the corporation.

Upon this question the courts in different States have established different rules. It is held by some that the assessment should be made with reference to the time of entry; by others, with reference to the time of filing the petition; and by still others, with reference to the time of the award. Lewis on Eminent Domain, sec. 477 and cases cited. The court below adopted the first rule, against the objection of the appellant who contended for the second one. We recall no case in which the question has been presented for the decision of this court; but there are references by the court to it, and, in so far as they indicate an opinion, it is favorable to the contention of appellant. Either rule is liable to operate harshly in special cases—as well against the land owner as the corporation—but we see nothing in the one contended for which indicates that it would more often work harshly than either of the others; and it has the advantage of fixing a certain and definite time with reference to which the estimate must be made. Besides the corporation has the right to acquire the land; when it files its petition, it declares its purpose to appropriate it and to render just compensation to the owner. Until it has done that, it is in default; but afterwards it can do nothing more until, in the regular course of procedure of the courts, a legal ascertainment of the amount to be paid is made. As the filing of the petition is the attempt to assert the right of condemnation, and subsequent delay is without fault of either party, it seems fair to each alike that the assessment should be made with reference to value as of that date. Lewis on Eminent Domain, sec. 477 and cases; *Burt* v. *Merchants' Ins. Co.*, 115 Mass., 1; *The South Park Com'rs* v. *Dunlevy*, 91 Ill., 49.

There was evidence tending to prove that the land had advanced in value between the time of entry and that of filing the petition, and we cannot hold that the error of the court in making its assessment with reference to the earlier date did not prejudice the appellant. For this error, the judgment must be reversed; and as the other points raised· will be presented in the future trial of the cause, it is proper that we determine them.

2. It is assigned as error that the court ruled "that Newgass was entitled to recover nothing for fences or overflow."

The appellant was entitled to be compensated for the taking of his land—to no more and to no less. If the taking impaired the value of his contiguous land, he was entitled to be compensated to the extent of such impairment, in addition to the value of that taken. If, in view of the probable future use of the remainder, additional fencing would be necessary, and this fact rendered it less valuable than it would otherwise have been, then such fact would be an element of damage. Such damage is not necessarily the cost of increased fencing, but the amount of depreciation in the value of the land caused by the increased burden upon its use. There is nothing in the proof to show that, in order to use and enjoy the lands, as they probably would be used in future, any additional fencing would be necessary. There was therefore no error in the court's ruling in that regard. Lewis, Em. Domain, sec. 498 and cases cited; *Railway* v. *Combs*, 51 Ark., 324.

*2. Damage for fencing.*

If the appropriation of the part and its use as a railroad resulted in flooding the remainder of appellant's lands, the damage so occasioned should be included in the assessment; but no account should be taken of injuries thereafter to result from an improper construction or maintenance of the bed, for the condemnation does not authorize either, and the corporation that condemns the land will be liable for such injuries as may thereafter result therefrom. *Railway* v. *Rhea*, 44 Ark., 258; *Railway* v. *Henry*, *id.*, 360.

*3. Damage for overflows.*

S C—10

4. Value of
railroad track    3.   It is insisted that the court erred in refusing to include, in its estimate of the value of the land taken, the value of a railroad previously constructed upon it by the appellee or its vendors.   It is argued that the railroad was built on it by a trespasser; that it became a part of the land, and as such passed to the landowner; that when the petition was filed, the railroad was as much the property of the appellant as the soil itself, and could not be taken from him without just compensation.

There is an old maxim that " Whatever is affixed to the soil, belongs to the soil;" and it is a general rule of the common law that a trespasser who builds on another's land dedicates his structure to the owner.   The reason of the rule, which has been often stated, is that the entry was a trespass to the injury of the owner, and that the trespasser could not add further injury by tearing down and removing the building, for in that the law contemplates that an injury to the soil will result as a necessity.   The trespasser has no legal right to acquire the soil, and when he places on it a building which can not be removed without some injury to it, it will be presumed that he intended to dedicate the building to the use of the land, and not that he contemplated a second trespass.   He could not remove the building, for its severance would damage the soil; he could not exact pay for it, for he could not impose upon the owner of the soil an obligation to pay for improvements which he had not authorized and may not have desired.   Those reasons fail when applied to the case at bar.   The corporation had the right to enter upon the land for purposes of survey, and to appropriate it on making just compensation.   It is therefore not necessary to presume that, when it built its railroad, it intended either to dedicate it to the use of the land, or to commit another trespass to the damage of the land; but it is more reasonable to presume that it intended to retain the railroad for use as such, and lawfully to acquire the land upon which it rested.   The railroad was not built to improve the ground or to enhance its ordinary utility, but to be used

as part of an easement for public purposes, entirely independent of the ordinary uses of the ground. To the rule relied upon exceptions have always been recognized, increasing with the importance and value of personal property and with the demands and exigencies of society ; and, as its reasons fail in this case, we do not think it should control.

All that the constitution guarantees or the law demands is that just compensation shall be made to the owner in return for property appropriated by the public. A rule that would exact of a corporation the payment of a sum to cover the value of a railroad as such, constructed at its own expense, would go beyond the demands of justice, and could find no sort of countenance in conscience or in law outside of the strict letter and fanciful presumptions of the rule stated.

The same question has been often adjudicated by the courts of the highest dignity and learning in sister States, and the decided weight of adjudged cases is against the appellant. Aside from adjudication, reason and justice condemn the contention. *Justice* v. *Nesquehoning, etc., Ry. Co.,* 87 Pa. St., 28; *Toledo, etc., Ry. Co.* v. *Dunlap,* 47 Mich., 456; *The Chicago, etc., Ry. Co.* v. *Goodwin,* 111 Ills., 273; Lewis, Em. Dom., sec. 501 and cases cited; *Jones* v. *N. O., etc., Ry. Co.,* 70 Ala., 227; *Searl* v. *Sch. Dist.,* 133 U. S., 553; *Lyon* v. *Green Bay, etc., Ry. Co.,* 42 Wis., 538.

In most of the cases relied upon by the appellant the claim to improvements was presented in such form that, if it were sustained, a separation of the improvements from the land would become necessary, or some other prejudice result to the land owner. But neither would result in this case, for the corporation acquires the land, as it lawfully may do, upon the payment of just compensation, and holds the road built thereon at its own expense without cost or detriment to the appellant.

The injury resulting to the appellant from the unauthorized entry might have been promptly checked and redressed, if need be, by an appeal to the courts. That it was borne

so long, argues that it did not assume a violent or aggravated form.

The measure of compensation is the value which the land taken would have had at the time of filing the petition, if the road had not been constructed on it, together with the difference between the present value of the owner's contiguous land, with the road constructed where it is, and what would have been its present value if the road had not been built. *Lyon* v. *Green Bay, etc., Ry. Co.*, 42 Wis., 538. And in determining as to the value of the land taken, any appreciation or deterioration that may have resulted to it specially by reason of the building of the road on it will be disregarded, but such as may thereby have resulted to it, in common with other lands in the same community, will be considered.

As the corporation has been in the enjoyment of the land, the damages assessed will bear interest from the date of filing the petition.

For the error indicated, the judgment will be reversed, and the cause remanded for further proceedings.