JOHN SUNDAY AND CHARLES A. BORN, *Plaintiffs in Error*. v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Defendant in Error*.

The provision of the constitution that in condemnation proceedings by a corporation or individual, the owner of the property shall receive "full compensation—irrespective of any benefit from any improvement proposed by such corporation or individual," does not deny to the owner any real and reasonable enhancement in the market values *of the property to be appropriated* by reason of "any improvement proposed." If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco*, for Plaintiffs in Error;

*Blount & Blount & Carter*, for Defendant in Error.

WHITFIELD, C. J.—In condemnation proceedings a judgment for $4000.00 was rendered as compensation for the property. The defendant took a writ of error and contends that the compensation is insufficient.

At the trial the court at the request of the petitioner charged the jury that "In fixing the market value of the property, the jury are not authorized to take into consideration the enhancement in the value of the property, if any, caused by the proposed improvement of the property for depot or right of way purposes by the railroad company. The market value irrespective of the proposed improvement is the measure of just compensation to be awarded by the jury." This charge was excepted to and is assigned and argued as error. Other charges were given, but they do not sufficiently correct the apparent error in the quoted charge so that it may fairly be said that the jury, in view of the testimony, could not reasonably have been misled by the quoted charge. The charges given at the request of the defendants are not in effect similar to the quoted charge complained of by them.

Section 29 of Article XVI of the Constitution ordains that "No private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."

The statute provides for "A jury of twelve men to be empanelled to try what compensation shall be made to the defendants for the property sought to be appropriated, irrespective of any benefit from any improvement proposed by the petitioner, which issue shall be tried in the

same manner as the other issues of fact are tried." Sec. 2013, Gen. State. of 1906.

The constitution contemplates and the statute requires that the issue submitted shall be what is "full compensation" for the property to be appropriated at its then fair actual value, irrespective of or without regard to any benefits that may accrue to the owner of the property from any improvement proposed by the petitioner; but the law does not deny to the owner any real and reasonable enhancement in the market value *of the property to be appropriated* by reason of "any improvement proposed." If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation. Giesy v. Cincinnati, Wilmington and Zainesville R. R. Co., 4 Ohio St. 308, text 331; Lewis on Em. Dom. (3rd ed.), Secs. 695 and 7457, and authorities cited; Chicago K. & W. R. Co. v. Parsons, 51 Kan. 408, 32 Pac. Rep. 1083; Newgrass v. Railway Co., 54 Ark 140, 15 S. W. Rep 188.

The testimony indicates that the amount allowed would have been full, or perhaps too much compensation at some time before the proposed improvement was generally known of and before the trial; but that at the time of the trial the property had in anticipation of the improvement, enhanced in value in common with other property similarly conditioned and that at the time of the trial it was fairly worth something more than was allowed. In view of the evidence and the probable effect of the charge on the verdict, the judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.