SMITH, D. R., Associate Judge.
This appeal is from an order granting the defendants-appellees a new trial after the rendition of a verdict in a condemnation proceeding. The reasons for granting the new trial can be clearly shown by reciting the trial court’s order, which reads as follows :
“This cause coming on to be heard on November 13, 1961, upon the Motion for New Trial filed by the defendants, Jerry J. Chicone, individually and as Trustee, and Maude Lee Chicone, his wife, Jerry J. Chicone, Jr. and Sue Chicone, his wife, and Winter Garden Improvement Company, severally, as to parcels numbers 334-R, 349, 350-R and 3S1, 352, severally, and the Court having heard argument of counsel for both sides, and the Court finding that during the trial the testimony as to each parcel of the appraisal witnesses for the Petitioner consisted of estimates of value as “depressed” or “discounted” by the imminence of the taking of said parcel by Petitioner for the purpose of the public project involved in this suit, to-wit: Interstate Highway No. 4, all of which testimony defendants moved to strike, and the Court further finding that it denied said motions to strike and also denied defendants’ objections to the materiality, relevance and competence of Petitioner’s several questions to witnesses regarding the effect of the prospect of the taking on the market value of the properties taken, and the Court further finding that it refused to give defendants’ requested instruction No. 15, each of which said rulings the Court based upon the case of Sunday v. Louisville and Nashville Railway Company, 62 Fla. 395, 57 So. 351, and the Court *533 now being- of the view that the rule of said case, which was decided in 1912, would not be the rule to be found today, and in any event, that said rule should not now be applied so as to make admissible evidence based upon the theories advanced by Petitioner and Petitioner’s witnesses in this case, and the Court therefore finding that the rulings complained of were prejudicial error to defendants, and that the other grounds of the Motion for New Trial need not therefor be considered; it is, in consideration thereof,
ORDERED and ADJUDGED that the said Motion for New Trial be, and the same is hereby, granted.
DONE and ORDERED in Chambers at Orlando, Orange County, Florida, this 18th day of January, A. D. 1962.”
The appellant, the petitioner in the trial court, contends that the trial court abused its discretion in granting a new trial because it is established law in Florida that in determining just compensation a jury shall consider the economic effect of an impending public improvement upon the value of the property taken. The case of Sunday, et al. v. Louisville and Nashville Railway Company, 62 Fla. 395, 57 So. 351, is relied upon by the appellant-petitioner for its position. The court in this case simply held that:
-“If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the ■ compensation therefor is the fair actual market value at the time of the lawful appropriation.”
This holding is in line ' with our statutes providing the property owner with just compensation and in accordance with the Declaration of Rights, Section 12 and Article XVI, Section 29, of the Constitution of the State of Florida, F.S.A., guaranteeing to the property owner just and full compensation. The court, in the relied upon case, did not indicate by way of dicta or otherwise that a decrease in market value in anticipation of the proposed improvement would necessitate the application of the same rule of law.
Accordingly, we find no abuse of discretion here in the order granting the new trial.
Affirmed.
KANNER, Acting C. J., and WHITE, J., concur.