ALLEN, Chief Judge.
The defendant-appellants appeal from a final judgment entered in a condemnation proceeding instituted by the petitioner, State Road Department, appellee here.
The appellants have assigned as error the trial judge’s order granting the petitioner’s motion to strike paragraphs 11, 12, 13 and 14 of their answer. The paragraphs that were struck claim the following sums of money in addition to the compensation allowed them as a value of their property.
Paragraph 11 states that the defendants were not able to rent the property, except for short periods of time; that it was not possible for any of the heirs to occupy said property and obtain the benefit of homestead *200 exemption from taxation; and that because of the wide publicity by the State Road Department that the property would be taken as a part of the right-of-way of a proposed Northbound Expressway, it was not possible for defendants to sell said property.
Paragraph 12 states that from the time of the announcement that the property would he taken for said Expressway, they expended in taxes, insurance and upkeep of their property a sum of approximately $2500, and the total rental income from said property did not exceed the sum of $900. The actual out-of-pocket expense, over and above income, during this period of time, was approximately $1500.
Paragraph 13 states that they advised the State Road Department on or prior to November, 1958, that, due to the published plans of the Department, this was a hardship case and requested the Road Department to take title to said property and pay the defendants the reasonable value thereof.
Paragraph 14 charges that the State Road Department should be required to pay them, as a part of the just and full compensation for the taking of their property, an amount equivalent to a reasonable return on the investment, represented by the value of said property at the time it became unmarketable due to the announced plans of petitioner. The amount alleged as compensation for such losses is $2225.
The appellants cite the case of State Road Department v. Chicone, Fla.1963, 158 So.2d 753, as authority for the incidental damages claimed in the stricken portion of their answer.
We do not find from the answer filed by the defendants, nor by any assignment of error, nor requested charges of the court, that they requested or desired to have their property valued as if no announcement had been made that a condemnation suit would be filed against them. They further claim damages for the additional sums set forth in the stricken answer in addition to the amount allowed by the jury as just compensation for their property.
The appellants, in their reply brief, state:
“In this case Appellants sustained losses in addition to the loss represented by the market value of their property at the time of taking, and specifically alleged such losses. The action of the lower court in striking such allegations is the basis of this appeal.
“The owners in this case were not made whole by the jury’s award of a sum which they determined to be the ‘fair market value’ of the property as there was excluded from consideration by the jury other matters which represented actual losses sustained by Appellee because of the taking of their property for public purposes.”
This court, in State Road Department v. Chicone, Fla.App.1962, 148 So.2d 532, upheld the granting of a new trial because the trial court felt that evidence concerning a decrease in the value of the land caused by an impending taking should not be admitted on a question of value.
In State Road Department v. Chicone, Fla.1963, 158 So.2d 753, the Supreme Court held that the value of property at the time of taking as depreciated or depressed by prospect of condemnation is not a proper basis for the measure of compensation for property taken; that compensation should be based on value of the property as it would be at the time of taking if it had not been subjected to debilitating threat of condemnation and was not being taken. In the opinion of the Court, written by Mr. Justice O’Connell, it was stated:
“The single question for decision by this Court is whether compensation for lands taken in eminent domain proceedings shall be measured by their value as affected by the imminence of condemnation or by their value as it would he if there had been no threat of taking.
*201 "We make it clear that we are not here concerned with the question of decrease in value, before appropriation, because of the anticipated damaging effect of a proposed public improvement which when completed might have a harmful effect either on a specific parcel or on all properties in a community. While not of major importance it is interesting to note that one of the Department’s experts testified that only the properties being condemned for this highway had decreased in value and that other property along but outside the right of way had actually increased in value after the announcement of the route.
“ * * *
“Thus, we conclude that the value of property at the time of taking as depreciated or depressed by the prospect of condemnation is not a proper basis for measure of compensation for the property taken.
“Effect can easily be given to this conclusion and to the rule of the Yoder case [Yoder v. Sarasota County, Fla.1955, 81 So.2d 219] by holding simply, as we do here, that compensation shall be based on value of the property as it would be at the time of the taking if it had not been subjected to the debilitating threat of condemnation and was not being taken.”
As we stated heretofore, we do not find in the record any attempt to prove the valuation of the property of the defendants by expert testimony, or otherwise, at the time of condemnation without the threat of the condemnation proceedings, in line with the Chicone case, or any request for instructions by the court setting up such elements of damage.
Perhaps the time has arrived for the re-examination of the present system of compensation in eminent domain. We feel, however, that this is not a proper undertaking of the judicial branch of our state government. The responsibility rests with the legislative branch, and any redress of the inequities of the existing system must be sought in the channels connected therewith.
We, therefore, affirm the lower court in striking the specific elements of damage set forth in defendants’ answer.
Affirmed.
SMITH, J., and McNULTY, JOSEPH P., Associate Judge, concur.