204 So.2d 899 (1967)
Harry ANDERSON, Appellant,
v.
STATE ROAD DEPARTMENT, an Agency of the State of Florida et al., Appellees.
Nos. H-461, H-462.
District Court of Appeal of Florida. First District.
September 26, 1967.
Rehearing Denied January 10, 1968.
Berrien H. Becks, Daytona Beach, and Bolles, Goodwin & Ryskamp, Miami, for appellant.
P.A. Pacyna, Tallahassee, for appellees.
CARROLL, DONALD K., Justice.
In these two condemnation cases, consolidated for trial and this appeal, a defendant land owner has appealed from the final judgments entered by the Circuit Court for Volusia County, based upon a jury verdict.
The sole question presented for our determination in this appeal is whether, in the words of the appellant, "the court erred in refusing to strike the testimony of the appraiser for the State Road Department when it appeared that his testimony and appraisal were based upon an erroneous concept of Florida condemnation law."
The State Road Department, an agency of the State of Florida, hereinafter referred to as the Department, filed in the said court separate eminent domain proceedings against numerous parties for lands to be used by the Department for highway purposes. These causes were heard by a jury in a consolidated trial, resulting in an award for all defendants. The appellant, who will hereinafter be referred to as the defendant, was dissatisfied with the jury's award and *900 has taken this appeal challenging the testimony of the appraiser for the Department.
At the trial only three appraisers testified as to the value of the three parcels owned by the defendant and taken by the Department: Alan N. Sayford, the appraiser for the Department, and the two appraisers for the defendant  N. Arthur Hamilton and John E. Pierce. Sayford testified that the value of the defendant's three parcels was $113,850, Hamilton testified to $286,700, and Pierce to $279,788. The award in the jury's verdict was $165,000.
During the course of his testimony at the trial Sayford explained the basis of his appraisal of the defendant's lands. He stated flatly that he did not consider any increase in market value that was "influenced" by the highway project, because he was appraising the properties "without any idea of a highway being there." In other words, he said, "if a speculator comes in and buys just prior to the date of taking, you can't consider his sale as a before value, he is buying in there as an after value."
At the trial the defendant moved to strike Sayford's testimony on the grounds that the said witness had failed to follow legal methods of appraisal and that in reaching his valuation he discarded the consideration of sales which took place after knowledge of the placement of the said highway. The trial court denied the defendant's motion, thus in effect permitting Sayford to tell the jury that under Florida law the defendant was not entitled to any enhancement in the market value of the property to be taken by reason of the proposed improvement.
Sayford's concept of the Florida law governing the measurement of market value in eminent domain proceedings was contrary to the law of this state.
The true rule on this subject has been recognized in many decisions of the Florida appellate courts. For instance, in Sunday v. Louisville & N.R. Co., 62 Fla. 395, 57 So. 351 (1912), the trial court in a condemnation case instructed the jury that, in fixing their award, the jury are not authorized to take into consideration the enhancement in the value of the property, if any, caused by the proposed improvement. The Supreme Court of Florida reversed the judgment appealed from, saying:
"The Constitution contemplates and the statute requires that the issue submitted shall be what is `full compensation' for the property to be appropriated at its then fair actual value, irrespective of or without regard to any benefits that may accrue to the owner of the property from any improvement proposed by the petitioner; but the law does not deny to the owner any real and reasonable enhancement in the market value of the property to be appropriated by reason of `any improvement proposed.' If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation. Giesy v. Cincinnati, Wilmington & Zanesville R. Co., 4 Ohio St. 308, text 331; Lewis on Em. Dom. (3d Ed.) §§ 695 and 7457, and authorities cited; Chicago, K. & W.R. Co. v. Parsons, 51 Kan. 408, 32 Pac. 1083; Newgass v. Railway Co., 54 Ark. 140, 15 S.W. 188."
More recently, in the case of State Road Department v. Chicone, 158 So.2d 753 (1963), involving a condemnation action brought by the Department, the Supreme Court of Florida recognized that its holding in the Sunday case, supra, was that "an increase in value of lands occurring in anticipation of a proposed improvement was an element of the compensation to be paid for lands taken."
This holding in the said Sunday case is reflected in the statement of the general rule in Florida in 12 Fla.Jur., Eminent Domain, Sec. 97, pages 65 and 66, as follows:
"In determining the amount of compensation to be awarded in eminent domain *901 proceedings, the question arises whether consideration should be given to any increase in value of the property to be condemned as a result of a proposed public improvement. If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvement, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation."
It is clear from the evidence at the trial that Sayford not only had an erroneous concept of the law of Florida governing the valuation of property in eminent domain proceedings, but that his misconception greatly affected his valuation of the defendant's land adversely to the latter's interests. Under these circumstances we think the court erred in denying the defendant's said motion to strike Sayford's testimony and, further, that such error constituted prejudicial, reversible error.
Throughout his testimony Sayford emphasized that in arriving at his valuations his disregarded any indication of an enhancement in the market value of the property to be appropriated by reason of the proposed improvement (the highway). At one point in his testimony he stated that he had learned of many sales up and down the highway, one reflecting three times the value "before this project went in," and he indicated that he had discarded the sales that seemed to him "out of line," as not reflecting "the true market value before the taking." Sayford's misconception of the law inevitably resulted in his reaching a considerably lower valuation of the defendant's land than if he had applied the law recognized in the Sunday case, supra, and in other Florida decisions. His lower valuation undoubtedly had considerable influence in the considerations of the jury, which returned a verdict of over $100,000 less than the valuation of the defendant's two appraisers.
For the foregoing reasons the judgments appealed from must be and they are reversed and the causes remanded with directions for a new trial.
Reversed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.