PER CURIAM.
In this appeal from a final judgment m an eminent domain proceedings, it is apparent from a review of the record and briefs that the primary questions involved are, (1) Was it error for the trial court not to strike the testimony of an appraiser for the State Road Department when it appeared that his testimony and appraisal was based upon an erroneous concept of the Florida law, and (2) Was it error to instruct the jury that a set off of damages to the remainder could be made against the enhancement in value, where there was no competent testimony as to any benefits accruing to the remainder ?
We have reviewed the records and briefs and conclude and so hold, that the first question, supra, has been answered by this Court adversely to appellee in this Court’s decision in Anderson v. State Road Department, 204 So.2d 899 (Fla.App., 1967).
As to question number 2, supra, we conclude that this question has also been answered adversely to the appellee in Daniels v. State Road Department, 170 So.2d 846 (Fla.1964).
The other questions raised must necessarily be answered again in a retrial of this cause, and therefore receive no further treatment here.
Because of the errors committed, as pointed out, supra, and under authority of Anderson and Daniels, supra, the judgment appealed from is reversed, set aside and said cause remanded for a new trial not inconsistent with the views herein expressed.
Reversed and remanded.
CARROLL, DONALD K., Acting- Chief Judge, and RAWLS and JOHNSON, JJ., concur.