ON REHEARING
Appellants have appealed an order granting appellee, State Department of Transportation, a new trial in an eminent domain proceeding by which land owned by appellants adjacent to a limited access interstate highway interchange is being acquired for highway purposes. The ground assigned by the trial court for granting the new trial was that it had erred in excluding from evidence a proffer of appellee by which it sought to prove that the land of appellants remaining after the taking would be directly and peculiarly enhanced in value as a result of the highway improvement to be constructed, which enhancement in value should be set off against severance damages, if any, suffered by appellants as a result of the taking.
F.S. Section 73.071(4), F.S.A., dealing with the practice and procedure relative to eminent domain proceedings provides as follows:
“ (4) When the action is by the division of road operations, county, municipality, board, district or other public body for the condemnation of a road, canal, levee or water control facility right of way, the enhancement, if any, in value of the remaining adjoining property of the defendant property owner by reason of the construction or improvement made or contemplated by the petitioner, shall be offset against the damage, if any, resulting to such remaining adjoining property *544 of the defendant property owner by reason of the construction or improvement, but such enhancement in the value shall not be offset against the value of the property appropriated, and if such enhancement in value shall exceed the damage, if any, to the remaining adjoining property there shall be no recovery over against such property owner for such excess.”
In interpreting the foregoing statutory provision, the Supreme Court in Daniels v. State Road Department[1] relied as its basic authority upon the principle of law found in the then current edition of Corpus Juris Secundum [29 C.J.S. Eminent Domain § 183, p. 1064] which was as follows:
“ ‘By the weight of authority, the benefits which may be set off against the value of the property taken or the damage to that injured in making an improvement, are those which are special or local or which result directly and peculiarly to the particular tract [or parcel] of which a part is taken, and general benefits resulting to the owner in common with the public cannot be set off.’ ”
Using the foregoing principle as a basis for its conclusion, the Supreme Court in Daniels said:
“Thus, insofar as ‘enhancement in value’ is concerned, evidence thereof would not be admissible without proof that the increase in value resulted directly and peculiarly to the landowner’s remaining land as a result of the improvement, over and above that enjoyed by neighboring property which might or might not be on the highway. ‘The question in each case is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood.’ Pittsburgh, B. & B. Ry. Co. v. McCloskey, 110 Pa. 436, 1 A. 555, 556.”
During the trial of the case sub judice, appellee, State Department of Transportation, proffered to prove by its expert witness that appellants’ property remaining after the taking in this case would go to a higher and better use for motels, service stations, and like commercial activities which would result in an increased value of the remaining lands resulting directly and peculiarly from the interstate highway improvement to be built adjacent to appellants’ property; that the enhancement in value of appellants’ land is related particularly and peculiarly to its proximity to the interstate highway interchange and that property located close to the interchange had a higher value than that remotely located with reference thereto; that as a result of the construction of the interstate highway and interchange of which appellants’ land is a part, appellants’ remaining land will be directly benefited and enhanced as a result of the improvement, which is more than the general enhancement in value which will be experienced by other lands along the highway but remotely located with respect to the interchange. This witness proffered to also prove that businesses such as motels, service stations and the like desire locations on the closest free access to the interchange of a limited access highway. These locations command the highest per acre values in the area which values diminish sharply after reaching a point a short distance away from the interchange. The foregoing proffer made by appellee was objected to at the trial, which objection was sustained and the proffer denied. It was on appellee’s motion for new trial that the court concluded, and we think correctly so, that it had erred in denying the proffer of enhanced values made by appellee, and because of this granted its motion for a new trial.
It is our view that the foregoing proffer made by appellee to prove that appellants’ remaining lands will be enhanced in value as a result of the improvement to be made by construction of the *545 limited access interstate highway and improvement of the intersecting state road which forms a part of the interchange complex, meets the requirements of the above-quoted statutory provision and conforms to the rule of admissibility pronounced by the Supreme Court in the Daniels case, supra. The proffer should have been granted and the evidence admitted for the jury’s consideration.
 This court knows from the number of eminent domain cases it has reviewed on appeal, as well as from general public knowledge, and therefore takes judicial notice of the fact that land having a fair market value of from $500 to $1,000 an acre is immediately enhanced in value to from $25,000 to $50,000 an acre after a limited access highway and its necessary interchange facility have been constructed across a portion of it. Such fact is the rule and not the exception. It was the purpose of the above-quoted statutory provision, and what we conceive to have been the legislative intent, that the enhanced value of such land so directly and peculiarly benefited as a result of the improvement may be set off against any severance damages which the remainder of the land may suffer as a result of the taking. Such enhanced value is generally peculiar only to land lying adjacent to the improvement and within close proximity to the interchange exits and entrances leading to and from intersecting roads and highways. All lands abutting the highway beyond a limited distance from the interchange facility are also generally enhanced in value as a result of the improvement, but such enhancement constitutes a general appreciation in value of property in the neighborhood accruing to owners in common with the public and therefore is not admissible in evidence as a setoff against the severance damage suffered by such lands as a result of the taking. There can be no question but that the land lying in all four quadrants of a limited access highway interchange facility adjacent to the improvement and within close proximity to the entrances and exits of the interchange is greatly enhanced in value over and above that enjoyed by more remotely located neighboring property which might or might not be on the highway and which may or may not enjoy a general appreciation in value in common with others and the general public. Appellants urge that the enhanced value of their remaining land may not be proved as an offset against the severance damage which such lands will suffer as a result of the taking. This position rests upon the premise that there are other owners of land similarly situated to theirs which are also directly and peculiarly benefited by enhancement in value of their remaining properties; appellants therefore contend that all the lands adjacent to the interchange entrances and exits enjoy an appreciation in value common to each other which constitutes a general appreciation of property in the neighborhood in common with the public and therefore not admissible as a set-off against severance damage. Under this theory of statutory construction, the only time an acquiring authority would be allowed to prove enhanced value of remaining property as an offset against severance damage would be under a most unusual circumstance where all the land lying adjacent to the improvement and in close proximity to the interchange facility was vested in one ownership. Such an interpretation would nullify the purpose of the statute and in our judgment thwart the legislative intent. We will not presume that the legislature intended to do a futile or meaningless act by its adoption of the statute under consideration.
Appellants urge that our decision of af-firmance in this case is contrary to the prior decisions rendered by this court in Finkel v.. State Road Department[2] and State Road Department v. Cowart.[3] We do not agree that such is the case.
*546 In Finkel our review of the record in that case convinced us that no competent or substantial evidence had been adduced by the State Road Department as to benefits accruing to appellants’ remaining lands as a result of the highway improvement. We therefore held that the trial court erred by instructing the jury that the enhanced value of appellants’ land could be offset against severance damages suffered by the remainder, and because of such error the judgment was reversed and the cause remanded for a new trial. After the case was retried it was again appealed to this court under the style of State Road Department v. Cowart. The principal point-on ,appeal challenged the correctness of the trial court’s order denying the Road Department’s proffer to prove that the value of appel-lees’ land was enhanced because of the benefits received as a result of the improvement to be made, which enhancement in value should be offset against the severance damage suffered by defendants’ remaining land. From our review of the record we were convinced that appellant’s proffer with respect to enhancement in value of defendants’ remaining land did not meet the requirements of the statute nor come within the rule pronounced by the Supreme Court in Daniels, supra. On the basis of this finding we affirmed the trial court’s judgment without opinion.
We do not consider that the facts in the case sub judice are subject to the same challenge or infirmity as were those existing in the Finkel and Cowart cases. Those decisions are therefore not authority on which the appellants may properly rely in the case sub judice.
Our opinion of affirmance is adhered to and the petition for rehearing is denied.
CARROLL, DONALD K., J., concurs.
SPECTOR, J., dissents.

. Daniels v. State Road Department (Fla.1964) 170 So.2d 846, 853,' 854.

. Finkel v. State Road Department (Fla.App.1968) 216 So.2d 463.

. State Road Department v. Cowart (Fla.App.1970) 236 So.2d 469.