SPECTOR, Judge
(dissents):
I respectfully dissent from the decision of the majority of the court to deny rehearing in this case.
By their petition for rehearing, appellants contend that our order affirming the judgment of the trial court would result in a decision directly in conflict with our decisions in Finkel v. State Road Department, 216 So.2d 463, and State Road Department v. Cowart, 236 So.2d 469.
Apparently, the retrial of the Finkel case, resulting from our reversal therein, was tried under the name of Cowart so that both cases related to the same parcel of land.
In the case at bar, the majority affirms an order granting a new trial in this eminent domain proceeding on motion of the State Road Department. The ground upon which the motion for new trial was granted was the trial court’s holding that he had erroneously excluded the State’s testimony of enhanced value as a setoff against severance damage to the remainder of appellants’ land.
In Finkel, supra, the record on appeal shows that we reversed because the trial court erroneously permitted the State to introduce evidence of enhanced value as a setoff against severance damage to the remainder of the landowners’ property which was located immediately adjacent to an interchange exit ramp for Interstate Highway 1-295 near the Duval-Clay County line.
When the case was retried on remand, sub nomine Cowart, the State once again attempted to establish its right to introduce evidence of enhanced value as an offset to severance damages to the remaining land, which attempt was refused by the trial court. The State made a proffer of such evidence for the purpose of preserving the matter for review by the appellate court. In its appeal in the Cowart case, the Road Department assigned as its first point on appeal the trial court’s exclusion of the proffered testimony. In its brief, the State described the proffer relating to the subject parcel, which was adjacent to the interchange, in the following language:
“Mr. Steeg, in the proffer, testified that the property increased in value because *547 of its superior location and properties in the area of interchanges are considerably enhanced for motel, hotel or service station purposes. He said ‘as you go further away, the property drops down in value for interchange purposes.’ This distance, he noted (T-3) depending on the location could extend three or four hundred feet up to maybe 800 feet, but that once one passes the interchange influence the property drops back to the normal market value.” [Page 9 of Appellant’s Brief in Cowart, supra.]
In a per curiam decision without opinion, this court affirmed the trial court and, in my view, we thereby held that the Road Department’s proffer described above was properly excluded by the trial court.
In the case at bar, the object of these eminent domain proceedings is, as in Cowart, supra, appellants’ property adjacent to an interchange ramp on Interstate Highway 1-295. Whereas we held, albeit via per curiam decision, that the trial court in Cowart was correct in excluding the proffered testimony on enhanced value, the majority opinion in the case at bar affirms an order granting a new trial resting upon the trial court’s ruling that the State’s proffer of evidence as to enhanced value should have been admitted. It seems to me that by doing so, you reach a result quite opposite that found in Cowart. Both properties seem to be similarly situated. Moreover, the proffer made in the case at bar is described by the State Road Department in its brief as having the same import as the proffer rejected in the Cowart case.
In the case at bar, the Road Department describes the proffer here involved in the following language:
“Mr. Steeg testified on proffer that the value of the property after the taking went to a higher and better use, such as interchange development for motels and service stations. He testified that the enhancement was particular and peculiar to the interchange and more than the general enhancement that an interstate highway will give to properties within a mile of the interchange (T-III-68-69). He testified as to some comparable sales which he claimed supported his opinion (T-III-69-70).” [Page 4 of Ap-pellee’s Reply Brief in the instant case.]
A comparison of the proffer as described by the Road Department in this case and the Cowart case indicates that our ruling that the proffer was correctly excluded in the Cowart case requires the court to now rule that the proffer in this case was equally inadmissible and, therefore, the order granting new trial based on the exclusion of the proffer was erroneous.
The proffers in both cases indicate to me that the Road Department and its expert witness have failed to grasp the import of the Supreme Court’s ruling in Daniels v. State Road Department, 170 So.2d 846 (Fla.1964), holding that in order for an improvement to be a special or local benefit which may be offset against the severance damage to the remaining property, it must result directly and peculiarly to the particular parcel of which a part is taken and general benefits resulting to the owner in common with the public cannot be set off. Such is the rule of law manifest in the following language found in Daniels, supra, at page 854:
“Thus, insofar as ‘enhancement in value’ is concerned, evidence thereof would not be admissible without proof that the increase in value resulted directly and peculiarly to the landowner’s remaining land as a result of the improvement, over and above that enjoyed by neighboring property which might or might not be on the highway. ‘The question in each case is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood.’ Pittsburgh, B. & B. Ry. Co. v. McCloskey, 110 Pa. 436, 1 A. 555, 556.”
Application of the “special enhancement” rule announced in Daniels requires exclu *548 sion of the proffer herein since the enhanced value of appellants’ property is no different than the enhanced value enjoyed by the other properties in the neighborhood. In fine, the enhancement is general to the neighboring properties and not special to the appellants’ parcel.
I would grant rehearing and reverse the order granting a new trial.