JOHNSON, Judge.
This is an appeal from a final judgment in an eminent domain proceeding in which appellant, the condemnee, was awarded, pursuant to jury verdict, the sum of $16,-850.00 for land taken by appellee.
Appellee filed eminent domain proceedings against numerous parties for the taking of land to be used for the Eureka Reservoir. At the trial of this cause, it was established that appellant owned a tract of land totalling 194 acres. The land taken by the Canal Authority was 79.21 acres, which left a remainder of 114.79 acres. Two appraisers testified as to the value of the parcel owned by appellant. Appellant’s appraiser testified that, in his opinion, just compensation to appellant for the taking would be $27,300.00, said figure being the total of $25,700.00 for the land taken and $1,600.00 for severance damages to the remaining land. Appellee’s appraiser, Levie D. Smith, testified that just compensation to appellant for the land taken would be $16,850.00. While admitting that appellant’s remaining property would have severance damages of $3,500.00, Smith concluded that such damages would be offset due to the remaining land being specifically enhanced by having considerable frontage on the Eureka pool. The jury awarded appellant $16,850.00 as just compensation for the taking.
When appellee’s appraiser Smith first expressed his opinion that the remaining property of appellant would be enhanced, appellant’s counsel objected to any testimony regarding enhancement unless Smith “first lays the predicate that its going to be compensably enhanced over and above the property in the general area.” The objection was sustained. Thereupon, Smith proceeded to testify as to enhancement to the remaining property. While admitting that damages existed because a paved road formally utilized for access to the property would no longer be in use, (which road also gave access to the Ocklawaha River), Smith stated that there was a “reasonable probability” that another road could be used for access to the appellant’s property. The remaining property would be specially enhanced, according to Smith, because while it was property that had no frontage on a pool or a river before the taking, “after the acquisition of the land it will front considerable distance on the Eureka Pool.” He further stated that a landowner situated next to appellant would have a similar special enhancement, but that not everyone’s property would be enhanced “even though they’re on the pool.” When asked what it was about appellant’s property that made it different from any other piece of property along the pool, Smith stated “it doesn’t have to stand out * * * in my judgment and be different from any other piece of property to be specific.”
It was further established that there was a 300 foot area between the average water *914 mark of the Pool and the taking line. When asked if he was basing his opinion as to special enhancement on any sort of assumption that the landowner would have access across that 300 feet to the water edge, Smith testified “in a way yes; in a way, not.” The trial judge excluded any testimony regarding enhancement by reason of a possibility of access to the pool, and Smith adhered to his original conclusion that the remaining land would be enhanced by virtue of the taking, notwithstanding the fact that appellant could not go from his property line to the water, nor could he use the former road which gave access to the Ocklawaha River.
At the conclusion of Smith’s testimony, appellant’s counsel moved to strike all of Smith’s testimony having to do with enhancement on the ground that it was speculative and not based upon any specific benefits to appellant’s property as contrasted to other similarly situated properties. The motion was denied and such is the basis for this appeal,
It is established in Florida that evidence of enhancement in value is not admissible without proof that the increase in value resulted directly and peculiarly to the landowner’s remaining land as a result of the improvement, over and above that enjoyed by neighboring property which may or may not be on the improvement.
“ ‘The question in each case is whether or not the special facilities afforded by the improvement have advanced the market value of the property beyond the mere general appreciation of property in the neighborhood.’ ” Daniels v. State Road Department, 170 So.2d 846, 854 (Fla.1964).
We do not feel that Smith’s testimony regarding enhancement was based upon any specific benefit to appellant’s property as contrasted to other property in the neighborhood. On the contrary, Smith’s testimony indicates that if there was enhancement at all, the enhancement is general to the neighboring properties and not special to the appellant’s parcel. Where it appears that the testimony of the con-demnor’s appraiser is based upon an erroneous concept of law, it is error for the trial court not to strike such testimony. Finkel v. State Road Department, 216 So.2d 463 (Fla.App. 1st, 1968).
Upon the authority of Daniels and Finkel, supra, the judgment appealed herein is reversed and the cause is remanded for a new trial not inconsistent with the views herein expressed.
Reversed and remanded.
SPECTOR, C. J., and RAWLS, J., concur.