JOHNSON, Judge.
This is an appeal from a final judgment, pursuant to a jury verdict, in a condemnation action and from order denying one item of costs.
It is revealed from the record on appeal that the appellants’ farm, through and over which a right of way was being condemned, consisted of approximately 1040 acres. About 85 acres was being taken in the right of way; also 216 acres of the farm would be severed from the rest of the farm by the right of way, and access to the 216 acres would be at least impaired. The State’s only witness as to value of the land taken, including severance damage to remainder, testified that in his opinion the highest and best use of the property was agricultural and fixed the value, including severance, at $48,565.00. This witness admitted that he had not taken into account any subsurface mineral in fixing his value.
The appellants, defendants below, produced as their first witness a retired farmer, who was familiar with farming of the nature operated by the defendants, and that he knew about the operation cost, normal expected returns, as well as what he thought the loss of business damage would be by taking the right of way, as well as practical loss of the 216 acres, and assessed it at $100,000.00. The State did not rebut this testimony but relied solely on its appraiser’s testimony.
The next witness for the defendants testified that he had examined the subsurface and made numerous core subsoil examinations and found a large deposit of dolomitic limestone and calcitic limestone with an estimated value of $680,000.00.
The appellants’ assignments of error numbered 1, 3, 4, 5 and 7, covered in appellants’ brief as point one, include the question of business damage. The appellants had submitted testimony as to business damages, unrebutted, and the jury ignored that item of damage in arriving at its verdict. This was error. The trial court had previously ruled that farming was a business, and therefore, it is our opinion that, even though the trial court was correct in not granting a directed verdict on this item of damage, the jury was in error in ignoring this item and the trial court was in error in not rejecting the jury verdict as being not in accordance with law.
Also error was made when the costs of the mining engineers were not admitted. The thought of the landowner in using the subsurface material in a commercial inan-ner was not so far removed as a profitable operation that the defendants’ costs incurred therein should have been allowed.
These reasons, verdict, judgment and order on costs, are reversed and the cause remanded for a new trial.
SPECTOR, C. J., and CARROLL, DONALD K., J., concur.