CARROLL, DONALD K., Judge.
Two of the defendant-land-owners in an eminent domain proceeding have appealed from a final judgment entered by the Circuit Court for Suwannee County.
The sole question presented for our determination in this appeal is whether, in a condemnation proceeding by the State of Florida Department of Transportation, the owner is entitled to have taken into consideration as an element of his compensation the increase in value of the property prior to the taking attributable to the proposed improvement.
The appellants contend in their appellate brief that the foregoing question is easily answered in the light of this court’s decision in Anderson v. State Road Department, 204 So.2d 899 (Fla.App.1967) and the Florida Supreme Court’s decision in Sunday et al. v. Louisville & N. R. Co., 62 *74 Fla. 395, 57 So. 351 (1912). The appellants further contend therein that the question presented to the trial court in the case at bar “appears to be in almost identical fashion” as in the Anderson case.
In this case the Department’s expert appraisal witness testified at the trial that he did not make any allowance in his appraisal of the defendants’ property because of the enhancement of the property due to proposed improvements.
Considering this question in some depth, we find that the foundation decision in this area is the decision of the Supreme Court of Florida in Sunday et al. v. Louisville & N. R. Co., 62 Fla. 395, 57 So. 351 (Fla.1912). In that case the Florida Supreme Court held:
“The Constitution contemplates and the statute requires that the issue submitted shall be what is ‘full compensation’ for the property to be appropriated at its then fair actual value, irrespective of or without regard to any benefits that may accrue to the owner of the property from any improvement proposed by the petitioner; but the law does not deny to the owner any real and reasonable enhancement in the market value of the property to he appropriated by reason of ‘any improvement proposed.’ If the property naturally, or in common with other property similarly conditioned, increases in market value in anticipation of the proposed improvements, before the appropriation, the compensation therefor is the fair actual market value at the time of the lawful appropriation. Giesy v. Cincinnati, Wilmington & Zanesville R. Co., 4 Ohio St. 308, text 331; Lewis on Em. Dom. (3d Ed.) §§ 695 and 7457, and authorities cited; Chicago, K. & W. R. Co. v. Parsons, 51 Kan. 408, 32 P. 1083; Newgass v. Railway Co., 54 Ark. 140, 15 S.W. 188.” (Emphasis not supplied.)
As we indicated above, the Supreme Court itself emphasized the words “of the property to be appropriated,” so it seems fair to assume that that court was contemplating a prospective operation, such as the acquisition of the landowner’s title prior to the appropriation by the condemn- or. In the case at bar, however, the Po-zins want this Court to include enhanced value from land sales made after the appropriation, which were adjacent to the appropriated property, and include such enhancement in the value of the appropriated property.
All doubts about the application of the Sunday doctrine were resolved by our decision in Anderson v. State Road Department, 204 So.2d 899 (Fla.App.1967), wherein we said:
“The true rule on this subject has been recognized in many decisions of the Florida appellate courts. For instance, in Sunday v. Louisville & N. R. Co., 62 Fla. 395, 57 So. 351 (1912), the trial court in a condemnation case instructed the jury that, in fixing their award, the jury are not authorized to take into consideration the enhancement in the value of the property, if any, caused by the proposed improvement.”
In Levit v. State, Department of Transportation, 248 So.2d 542 (Fla.App.1971), we had occasion to point out a limitation to the effect of the foregoing enhanced value rule, as follows:
“Such enhanced value is generally peculiar only to land lying adjacent to the improvement and within close proximity to the interchange exits and entrances leading to and from intersecting roads and highways.”
Finally, the appellee urges in its brief, and we agree, that the trial court did not err in refusing to strike the testimony of its appraiser witness, because there could not be any real and reasonable enhancement in the market value of the property appropriated in the instant case *75 by reason of the proposed improvement subsequent to the time of the .exact location of the road and the parcels necessary for the taking were known in the market.
In the case at bar the market was assured of the exact location of the road in question on December 20, 1965, when the Secretary of the Department of Transportation adopted the right-of-way resolution.
Therefore, the judgment appealed from herein must be and it is
Affirmed.
WIGGINTON, J., concurs.
RAWLS, C. J., specially concurs.