282 So.2d 645 (1973)
CITY OF JACKSONVILLE, Appellant,
v.
Damon G. YERKES, Jr., et Ux., et al., Appellees.
No. R-344.
District Court of Appeal of Florida, First District.
September 4, 1973.
Rehearing Denied October 3, 1973.
T. Edward Austin, and William Lee Allen, Jacksonville, for appellant.
*646 David W. Foerster of Jones, Foerster & Hodge, Jacksonville, for appellees.
SPECTOR, Judge.
Appellant condemned certain portions of appellee's property for a sewer lift station. During the trial on damages, the judge granted a motion to strike that portion of the testimony of appellant's appraiser dealing with severance damages. The motion was granted on the grounds that the appraiser's opinion was based upon an improper application of the law concerning enhancement being set off against severance damages. The parties stipulated that $2,000 represented a fair value for the land actually taken and the judge directed a verdict in the amount of $17,000 as severance damage.
Appellant first contends that the lower court did not allow appellant to put on additional evidence from their appraiser to show that his opinion as to lack of severance damages was based upon something other than enhancement. It is clear from a reading of the testimony and the proffer in the record that the appraiser's opinion as to the lack of severance damages was based upon the fact that the new system was more desirable in appearance and operation than the present system and thereby enhanced the value of the property.
Section 73.071(4), Florida Statutes, F.S.A., provides that enhancement in value of the remaining adjoining property shall be offset against damages when the property is being condemned for a road, canal, levee, or water control facility right-of-way. Since the purpose for which the property was condemned in the instant case does not fall within those purposes enumerated in the statute, no evidence of enhancement could properly be introduced likewise, before evidence of enhancement can be introduced it must be proven that the increase in value resulted directly and peculiarly to the landowner's remaining land and not just to the neighborhood as a whole, Daniels v. State Road Department, 170 So.2d 846 (Fla. 1964). No such evidence was proffered in the instant case.
Therefore, it appears that the judge was eminently correct in striking the testimony as to enhancement, Limmiatis v. Canal Authority, 253 So.2d 912 (Fla.App. 1971); Anderson v. State Road Department, 204 So.2d 899 (Fla.App. 1967).
Appellant's second point on appeal deals with the issue of whether the trial court was correct in directing a verdict in the amount of $17,000 for severance damages. After the motion to strike the testimony of appellant's appraiser had been granted and appellant put on no other evidence, the only evidence of severance damages was that of appellee's witness who testified to the $17,000 sum. Therefore, the court had no choice but to grant the motion for directed verdict since there was no evidence to rebut or contradict the appellee's case, Garris v. Robeison, 146 So.2d 388 (Fla.App. 1962).
For the foregoing reasons, the judgment appealed herein is affirmed.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.