SMITH, Judge.
The owners received a disappointing verdict in this condemnation case. The trial court entered judgment on the verdict and the owners appealed. The only element of compensation disputed at the trial was that of business damage cognizable under § 73.071(3) (b), F.S., 1973. On that subject the condemning authority offered no opinion evidence either that no damage was sustained or that it was sustained in a specific amount. We are asked by the appealing owners to apply to their benefit the rule of City of Jacksonville v. Yerkes, 282 So.2d 645 (Fla.App. 1st, 1973), cert. den. 291 So.2d 9 (Fla.1974), that a jury is powerless to award less than the amount of severance damages estimated by the owner’s opinion witness when the condemnor offers no such witness.
Appellants leased and operated a sundries store in a small Daytona Beach shopping center for more than the statutory five-year period. A taking to widen the road deprived appellants of parking spaces previously available to their patrons. That taking, appellant Tuttle testified, will cost his business at least 70% of the profits it otherwise would have earned over the remaining 2(4 years of the lease, resulting in business damages he estimated at $80,000. A certified public accountant testified that appellants’ business damage — assuming Tuttle’s estimate of a 70% reduction in business — would be $64,000. An expert accountant produced as a witness by appellee Department of Transportation expressed no opinion of the dollar amount of business damage sustained but stated, as did appellants’ accountant witness, that the average net annual income of appellants’ business was $12,550. The jury awarded appellants $12,550 for business damage. Appellants assert on appeal that they were entitled to a directed verdict in the minimum amount of $64,000 or, alternatively, a new trial.
It is unnecessary that we reexamine our decision in Yerkes in the light of its criticism in Behm v. Div. of Admin., State Dept. of Transp., 292 So.2d 437 (Fla.App. 4th, 1974). Our Yerkes holding, that the condemnor must pay the lowest estimate of severance damage given by any expert witness even if the condemnor offers no such testimony of its own, was at least in part a consequence of the State’s obligation to pay severance damages as part of the full compensation to be made by the taking of private property. Fla.Const., Art. X, § 6; Daniels v. State Road Dept., 170 So. 2d 846, 851 (Fla. 1964). It is debatable whether the condemning authority has a burden of proof, in the usual sense of the words, in respect to severance damages. Compare City of Tampa v. Texas Co., 107 So.2d 216 (Fla.App. 2d, 1958), cert. disch. 109 So.2d 169 (Fla.1959), and Rice v. City of Ft. Lauderdale, 281 So.2d 36 (Fla.App. 4th, 1973), cert. den. 289 So.2d 735 (Fla.1974), with Parker v. Armstrong, 125 So.2d 138 (Fla.App. 2d, 1960), cert. den. 133 So.2d 321 (Fla.1961), and Jones v. City of Talla *843 hassee, 304 So.2d 528 (Fla.App. 1st, 1974), cert. pending (Case # 46,719). Indisputably, however, the condemning authority has no burden to prove, nor even to estimate [compare Rice, 281 So.2d at 38-39] or to “go forward” with evidence concerning [compare Jones, 304 So.2d at 533], “the probable damages to such business which the denial of the use of the property so taken may reasonably cause.” Sec. 73.-071 (3) (b), F.S., 1973. The owner must affirmatively plead and prove his entitlement to the statutory damages, and the condemning authority has no risk of nonper-suasion in the matter. See State Road Dept. v. Abel Investment Co., 165 So.2d 832 (Fla.App.2d, 1964), cert. den. 169 So. 2d 485 (Fla. 1964).
Regardless, then, that severance damages and business damages are often spoken of in the same breath [e. g., § 73.071(3) (b), F.S., 1973] and that they have confusing similarities [see LeSuer v. State Road Dept., 231 So.2d 265 (Fla.App. 1st, 1970)], the owner’s entitlement to business damages arises from a source entirely different from the constitutional source of full compensation. Moreover, because the burden of proof is allocated differently, different consequences result from the condemning authority’s failure to produce opinion testimony on business damages anticipating or countervailing that of the owner.
We decline to extend the Yerbes rule to disputes over business damages. To do so would render an owner’s abundant estimate of his own business damages susceptible only to direct contradiction by a stranger to his business, impervious to cross-examination and immune to the moderating influence of a jury’s common sense. We hold, notwithstanding the absence of opinion testimony naming a dollar amount of business damages less than the minimum contended for by the owners, that a jury verdict for less may be rer turned and should be sustained if it has any rationally ascertainable relationship to any evidence in the case.. The jury may not, however, entirely ignore the evidence and award no damages in a case in which all of the evidence is that business damages were sustained and only the amount is in question. Sallas v. State Road Dept., 220 So.2d 378 (Fla.App. 1st, 1969); Upton v. State Road Dept. of Transp., 270 So.2d 470 (Fla.App. 1st, 1972).
The verdict in this case awarding as business' damages an amount equal to one year’s average net profit was not wholly without support in the evidence. The trial court declined to disturb the verdict and we will not do so.
In the recent case of Stewart v. Alachua County, 320 So.2d 33 (Fla.App. 1st, 1975), we were asked to decide, within the terms of the Y erkes decision, whether expert testimony for the condemnor that no business damage was sustained established the base of a range within which the jury could award some but not all the damages sought. Citing Sallas, we answered affirmatively and stated that the “jury’s verdict must be within the range of evidence adduced at trial, and be an amount not lower than lowest nor higher than highest figures supported by the evidence.” Today’s decision refines but does not overturn Stewart. Business damage verdicts must indeed be supported by evidence adduced at trial and, when opinions .offered in behalf of the condemnor and the owner establish a range of damage estimates in terms of dollars, the jury is not authorized to disregard the evidence by awarding less than the condemnor in effect admits should be paid or more than the owner in effect demands. Today’s decision is simply that a business damage verdict supported by a defensible view' of the evidence may be sustained in an amount less than the owner’s demand when the condemnor offers no opinion testimony fixing the base of a range of estimates.
Affirmed.
*844 RAWLS, Acting C. J., concurs.
MILLS, J., dissents.