OVERTON, Chief Justice.
This cause is before us on petition for writ of certiorari to review the decision of the First District Court of Appeal in Tuttle v. Division 'of Administration, State of Florida Department of Transportation, 327 So.2d 841, Opinion filed February 5, 1976. The First District, upon denial of petition for rehearing, certified that its decision in Tuttle, supra, passed upon a question of great public interest. We have jurisdiction.[1]
In Tuttle, the First District reaffirmed its previous decision in City of Jacksonville v. Yerkes, 282 So.2d 645 (Fla.App. 1st, 1973), holding that in an eminent domain proceeding:
“. . . [T]he condemnor must pay the lowest estimate of severance damage given by any expert witness even if the condemnor offers no such testimony of its own . . . .” Tuttle, supra, at 842.
The District Court nevertheless qualified the Yerkes rule by holding it inapplicable to business damages:
“. . . [A] business damage verdict supported by a defensible view of the evidence may be sustained in an amount less than the owner’s demand when the condemnor offers no opinion testimony fixing the base of a range of estimates.”
The issue concerns the latitude an eminent domain jury has in awarding compensation when the only evidence on an element of compensation is the testimony of one expert witness. We have today answered that question in Behm v. Division of Administration, State of Florida Department of Transportation, 336 So.2d 579 (Fla.1976).
We approve the result reached by the First District in the instant case, but to the extent the decision below reaffirms Yerkes, supra, it is disapproved.
It is so ordered.
ROBERTS, BOYD and ENGLAND, JJ., concur.
ADKINS, J., dissents.

. Art. V, § 3(b)(3), Fla.Const.